JEREMIAH M. HOWER, JR., APPELLANT, VS. GEORGE W. LEWTON, APPELLEE.

1. On sustaining a demurrer to a declaration upon the ground that the facts stated were insufficient to maintain the action, there being no question of jurisdiction, it is error to dismiss the suit for want of a declaration. The final judgment should have been upon the demurrer, the plaintiff failing to amend.

2. In an action for malicious prosecution by causing plaintiff to be arrested upon a criminal charge, the failure of the grand jury to find an indictment and the discharge of the accused by the court, constitute such a termination of the proceedings as is necessary to sustain the action.

Appeal from the Circuit Court for Orange county.

The declaration is as follows:

Jeremiah M. Hower, Jr., by his attorneys, E. K. Foster and St. Clair Abrams & Summerlin, sues George W. Lewton, of Orange county, State of Florida, for that the defendant falsely and maliciously, and without reasonable or probable cause, appeared in July, 1879, before one J. C. Philips, Esq., a United States Commissioner, and charged the plaintiff with perjury, and upon such charge procured the said

United States Commissioner to grant his warrant for apprehending the plaintiff and bringing him before the said United States Commissioner to be dealt with according to law, and by virtue of said warrant caused the plaintiff to be arrested and afterwards to be conveyed in custody before the said United States Commissioner, and procured the said United States Commissioner to remand the plaintiff to the custody of the Marshal, and to avoid going into confinement said plaintiff had to give bond for his appearance from time to time before said United States Commissioner pending said examination, when the defendant caused the said United States Commissioner to commit the plaintiff for trial and to prison. The said United States Commissioner making the following order: "It is, therefore, ordered that the defendant, Jeremiah M. Hower, Jr., be held in the sum of one thousand dollars bail, and that the same shall be secured by two or more good and sufficient sureties, to be and appear before the United States District Court on the first Monday in December, A. D. 1879, to await the action of the grand jury thereof upon said charge, and that in default of bail, said defendant, Jeremiah M. Hower, Jr., shall stand committed to the common jail of said District until such bail be found, or he be discharged by due course of law." That said order was made on the 13th day of September, A. D. 1879; that in obedience to said order the plaintiff appeared at the session of the United States Court on the first Monday of December, A. D. 1879, and remained in said attendance until the grand jury were discharged, and no indictment being brought against him, the Judge of the United States Court did order and adjudge that he be discharged and his bondsmen released, and the said prosecution was so ended and the plaintiff was discharged from custody, whereby the plaintiff has been injured in his credit and reputation, and has

suffered in mind and body, and has been prevented from attending to his business, and has incurred expenses in defending himself and obtaining his release from custody. Whereby the plaintiff claims damages against the defendant, George W. Lewton, to the amount of ten thousand dollars, for the recovery of which he brings this his suit.

The other facts are stated in the opinion.

*E. K. Foster* for Appellant.

The declaration was a good one and does set up sufficient to maintain a cause of action for malicious prosecution. The declaration varies but little in form from one in 2 Chitty's Pleadings, 16th Edition, page 555. The action for malicious prosecution will lie when there has been such a termination as would require another prosecution to be commenced to convict the party other than the one upon which he was first arrested. Where one causes the arrest of another for perjury or any other felony, and fails to prove his case, or takes no further part in pursuing the charge, and the prosecution for any cause terminates without conviction, unless the termination is procured by collusion on the part of the defendant and the prosecuting officer, the action of malicious prosecution will lie against the party who caused the prosecution to be commenced. If the party arrested proves that his arrest was caused by the defendant in the action falsely, maliciously and without reasonable or probable cause, it is not necessary that there should be an acquittal to maintain the action. 36 Conn., Brown vs. Randal; Clark vs. Cleveland, 6 Hill, 345 ; Rice vs. Ponder, 7 Ind., 390 ; Stancliff vs. Parmeter, 18 Ind., 321 ; Leever vs. Hummell, 57 Ind., 423 ; Moulton vs. Beecher, 15 N. Y., 100 ; Hays vs. Blizzard, 30 Ind., 457 ; Drigs vs. Burton, 44 Vt., 125.

The second ground for error is, that cause should not stand dismissed for want of a declaration.

The judgment should have been for the defendant upon demurrer, with his costs.

*John W. Price* for Appellee.

There are two classes of cases in which relief may be had and damages recovered for malicious prosecution, viz:

First. Where a party has been arrested by a Justice of the Peace, or other like officer, without reasonably legal grounds, is thereafter discharged without further proceed-ceedings, for the want of sufficient evidence, by the same officer who issued the warrant. That is described as an illegal arrest.

Second. Where a party has been arrested, carried before and examined by a Justice of the Peace or other examining officer, and after a preliminary examination is bound over to the court who has jurisdiction to try the crime with which he is charged to answer to and for such an offence. Wherein the grand jury refuse or fail to find a true bill on the evidence produced to them, presumably the same that was used before the examining court, or that the grand jury indict such party, and upon his trial is acquitted for the want of evidence.

The first of these cases is not applicable to the case at bar, as shown by the declaration filed.

The declaration in this case shows that plaintiff was arrested on a warrant procured to be issued on the affidavit of the defendant by a United States Commissioner, who after hearing the evidence bound the now plaintiff to appear before the United States Circuit Court. The grand jury did not find a "true bill," or take any other notice of' the case, never having been brought before them. The Judge of that court, as appears from the declaration, with-

out having anything before him on which he acted discharged the plaintiff, and relieved, as far as he could, his bondsmen without making any records thereof.

The declaration does not allege that the plaintiff's case was ever examined into by the grand jury and the bill ignored, or that they refused to find a " true bill," or that he was indicted and acquitted for the want of evidence to convict. Not showing that there was any legal or final disposition of the charge whatever.

The pleading does not show that the plaintiff may not at any term of the United States Court be indicted, tried and convicted for the crime charged, and for which he is now trying to recover damages for being maliciously prosecuted.

To maintain an action for malicious prosecution the declaration must show, and proof establish the fact, that the plaintiff has been legally acquitted and discharged, if not the declaration is insufficient in law, and the necessary proof cannot be introduced thereunder to sustain the action. The declaration is not sufficient in law to call upon the defendant to plead in any manner.

Therefore the demurrer filed to the declaration should be sustained and the cause dismissed, unless an amended declaration is filed alleging the necessary facts. Fisher vs. Bristow, 1 Doug., 215 ; Cardival vs. Smith, 109 Mass. R., 158 ; O'Brien vs. Barry, 106 Mass. R., 300. And it is a part of the plaintiff's case to show that the prosecution has terminated. Same authorities.

THE CHIEF-JUSTICE delivered the opinion of the court.

Appellant sued Lewton for falsely, maliciously and without probable cause, causing him to be arrested and held to bail upon a criminal charge, that he was thereby compelled to give bail to attend court to answer to an indictment, and

did so attend at great inconvenience and expense, &c., and that no indictment was found against him, and the Judge of the court therefore discharged him from said arrest and custody, wherefore he claims damages.

The defendant (appellee) demurred to the declaration upon the ground that the declaration did not state a cause of action, and was insufficient in law to maintain this action.

The court sustained the demurrer, and on the same day gave judgment that "the cause be dismissed for want of declaration." Plaintiff appealed, and assigns for error (1) that the court sustained the demurrer, and (2) in dismissing the cause for want of a declaration.

There was clearly error in dismissing the suit for want of a declaration. There was no question of the jurisdiction of the court. If the defendant was entitled to any judgment it was a final judgment upon the ruling of the court sustaining the demurrer (the plaintiff not amending), and not a judgment of dismissal for want of a declaration, because there was a declaration on file and of record. For this cause the judgment must be reversed.

The parties have submitted the whole case, as well upon the demurrer and the rulling of the court thereon, as upon the judgment of dismissal.

"An action on the case for a malicious prosecution may be founded upon an indictment whereon no acquittal can be had, as if it is rejected by the grand jury, or be coram non judice, or be insufficiently drawn." 3 Bl. Comm., 127.

To maintain this action the plaintiff must show that he has been prosecuted by the defendant criminally or in a civil suit ; that the prosecution is at an end ; that it was instituted maliciously and without probable cause, and that he has thereby sustained damage. It is not necessary that the whole proceedings be utterly groundless, for if ground-

less charges are maliciously and without probable cause coupled with others which are well founded, they are not on that account the less injurious, and therefore constitute a valid cause of action.    2 Greenleaf Ev., 8th Ed., §449.

It must appear that the prosecution is at an end.    If the party has been arrested and bound over on a criminal charge, but the grand jury did not find a bill against him, proof of this fact and that he has been discharged by the court is sufficient.    2 Greenl. Ev., §452, and authorities cited.    This is the doctrine of the American authorities. 18 Ind., 321 ; 30 Ind., 457 ; 44 Vt., 125 ; 36 Conn., 56 ; 6 Gray, 498, &c.

In O'Brien vs. Barry, 106 Mass., cited by defendant's counsel, the court held simply that the action for malicious prosecution could not be maintained while such prosecution (a replevin suit) was pending before the court.    Cardival vs. Smith, 109 Mass., 158, also cited by defendant's counsel, gives this as the law in criminal cases : if the accused, after being arrested, is discharged by the grand jury finding no indictment, that shows a legal end to the prosecution ; citing numerous English and American decisions.

The failure of the grand jury to find an indictment against the plaintiff, and the discharge of the accused by the Judge from custody and his sureties from their obligation upon the bail-bond, was an end to the prosecution complained of.    The declaration was sufficient to maintain the action, and the demurrer should be overruled with leave to the defendant to plead.

The judgment of the Circuit Court is reversed, and the judgment of that court sustaining the demurrer must be set aside and judgment entered overruling the demurrer, with leave to defendant to plead over.