SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plaintiff in Error*, v. B. H. SMITH, *Defendant in Error.*

Opinion filed Nov. 17, 1915.

1. It is proper to enter default, upon failure of defendant to plead after his demurrer to the declaration has been overruled.

2. A defendant who is in default for lack of a plea, may not propound interrogatories to the plaintiff under a statute permitting such interrogatories only "after filing plea."

Writ of Error to Circuit Court, Marion County; W. S. Bullock, Judge.

Judgment affirmed.

*L. N. Green,* for Plaintiff in Error;

*W. K. Zewadski,* for Defendant in Error;

COCKRELL, J.—A judgment was entered against the Railway Corporation for the negligent killing of a cow.

A demurrer to the declaration being overruled and the defendant failing to plead further, the court entered a judgment by default. The case was subsequently submitted to a jury "upon the issues joined," and the jury found for the plaintiff assessing the full damages.

While error was assigned on the overruling the demurrer, the assignment is not argued.

It is argued that the court erred in entering a default, upon failure to plead. Authority for this assignment is supposed to be found in Garlington v. Priest, 13 Fla. 559; Pettys v. Marsh, 24 Fla. 44, 3 South. Rep. 577, and Hower v. Lewton, 18 Fla. 328. These, however, are all cases where a demurrer to a pleading had been sustained, and this court announced the proper practice to enter judgment upon the pleading, not a default, should the pleader decline to plead over. Here the pleader has never tendered an issue of fact, and it was proper therefore to enter the default.

After the entry of the default the defendant propounded interrogatories to the plaintiff, under Section 1534 of the General Statutes. The plaintiff successfully opposed answering them upon the ground that the de-

fendant was in default and had not pleaded. Under the cited section the defendant may propound interrogatories only "after filing plea," and we find no justification for construing these words away. A strictly statutory right is conferred and while remedial, we find no room for construction. The defendant had his common law right, though in default, to be heard at the trial upon the question of damages, and the statute did not offer the defendant in default any additional right.

The judgment is affirmed.

TAYLOR, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.