ROBBIE LEE FISHER AND E. C. FISHER, HER HUSBAND, *Plaintiffs in Error,* v. W. C. PAYNE AND J. H. BICKERSTAFF, *Defendants in Error.*

Division B.

Opinion Filed May 23, 1927.

Petition for Rehearing Denied June 16, 1927.

1. There are three causes of action which may have as a primary basis for their existence a written statement, either under oath or otherwise. They are the action for libel, the action for false imprisonment and the action for malicious prosecution.

2. In order that defamatory words, published by parties, counsel or witnesses in the due course of a judicial procedure may be absolutely privileged, they must be connected with or relevant or material to the cause in hand or subject of inquiry. If they be so published and are so relevant or pertinent to the subject of inquiry, no action will lie therefor, however false or malicious they in fact be.

3. A cause of action for false imprisonment is not alleged where the declaration alleges a lawful imprisonment, that is an imprisonment authorized by a commitment from a court of

competent jurisdiction, regular on its face and valid as such order.

4. Arrest under a warrant, valid in form, issued by competent authority on a sufficient complaint, is not false imprisonment, though the indictment under which the warrant was issued was procured maliciously, and by artifice and misrepresentation for the purpose of extorting money. The proper remedy in such case is not an action for false imprisonment, but for malicious prosecution.

5. The allegations of the declaration were not sufficient to set forth a cause of action for malicious prosecution. It is generally held that the essential elements of malicious prosecution are: First, that the prosecution complained of has terminated in favor of the plaintiff; second, that it was instituted maliciously; third, that it was brought without probable cause; and fourth, that it caused him damage. It appears, however, that this rule applies strictly to cases which have as their basis a prior criminal prosecution or a civil action. There is another class of cases in which action will lie for the malicious institution of unfounded proceedings not criminal in their nature nor constituting a civil suit, and this is where proceedings are taken to have a person declared insane and to have such person restrained of his liberty as an insane person. In such cases it appears that the person who is the victim of such proceedings may maintain his action for malicious prosecution although the result of the inquisition was the commitment of such person to the care and custody of an institution provided for that purpose.

6. One who maliciously and without probable cause, institutes or procures to be instituted against another an inquisition of lunacy, is liable to the latter on his discharge, in an action for malicious prosecution, for all damages suffered by him in excess of the taxable costs of such proceeding. It is not alleged in the declaration in the instant case that the defendants or either of them instituted the proceedings or that the proceedings were unfounded and without probable cause.

7. The rule as stated by this Court with reference to defamatory words published by parties, counsel or witnesses in due course of judicial proceedings we think must be held to apply to commissioners, committeemen and other like functionaries who are lawfully required by the courts of competent jurisdiction to examine persons or things and report their findings to such court.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Affirmed.

*John S. Beard,* for Plaintiffs in Error;

*Watson & Pasco & Brown,* for Defendants in Error.

BUFORD, J.—The plaintiffs in error filed an amended declaration, which was as follows:

"The plaintiff, Mrs. Robbie Lee Fisher, her husband, E. C. Fisher joining her, brings this, her suit against W. C. Payne and J. H. Bickerstaff, each of whom is a licensed and practicing physician in the City of Pensacola, in said County of Escambia and State of Florida, for that the defendants, together with one C. H. Gònzalez, were appointed on the 11th day of March, 1925, by the County Judge in and for the said County of Escambia and State of Florida, as a committee to examine into the alleged insanity of Mrs. Robbie Lee Fisher, and the said defendants, together with the said C. H. Gonzalez, forming and constituting said committee, did on the 12th day of March, 1925, report to said County Judge that they had made such thorough examination of the plaintiff, as is required by law, and found said Mrs. Robbie Lee Fisher insane, and her insanity to be chronic and the apparent cause being childbirth and her particular hallucination being sex problem,

and that she required mechanical restraint to prevent her
from self injury or violence to others.  That said report of
said committee was false, wanton and malicious, in each
and every particular, and as a whole, and in utter disregard
of professional obligations and duties and utter disregard
and in violation of the obligation of good citizenship, and
duties and obligations owing to plaintiff.  That the said
County Judge, upon said report, on the 13th day of
March, 1925, adjudged the said Mrs. Robbie Lee Fisher
to be insane, and that she should forthwith be deliv-
ered   to   the   superintendent   of   the   Florida   State
Hospital  for  care,  maintenance  and  treatment.  That
on the said 13th day of March, 1925, about 10 o'clock
in the morning of said day, the said plaintiff was
removed, in obedience to and by virtue of said adjudica-
tion of insanity, from her home and separated from her hus-
band and her two-year-old child, and imprisoned in the
common jail of Escambia County, in a dirty and nauseous
cell maintained by the said County for the incarceration of
criminals, in which dirty and nauseous cell she was kept
under lock and key from said 13th day of March, 1925,
until the morning of the 15th day of March, 1925, when she
was removed to the Florida State Hospital, and there re-
strained of her liberty until the 20th day of April, 1925,
when she, the said Mrs. Robbie Lee Fisher, was granted a
furlough by said superintendent of said Hospital, and she
forthwith returned to her home, her husband and her child
in Pensacola, Florida; that in August, 1925, by reason of
said adjudication of insanity, based upon said false, wanton
and malicious report of said committee, the said Mrs. Robbie
Lee Fisher was again arrested and again confined in the
County Jail of said County of Escambia, for the space of
about five hours, when she was released upon the writ of
*habeas corpus* inssuing out of this Honorable Court.

That on the 23rd day of March, 1926, the Circuit Court in and for Escambia County, State of Florida, rendered a decree restoring said Mrs. Robbie Lee Fisher to judicial sanity. By reason of said false, wanton and malicious report, by said committee, and the consequent adjudication of insanity by the said County Judge, in and for Escambia County, State of Florida, based upon said report of said committee, and consequent imprisonment of Mrs. Robbie Lee Fisher in said County Jail and her restraint in said Florida State Hospital, from the 15th day of March, 1925, to 20th day of April, 1925, the said plaintiff, Mrs. Robbie Lee Fisher has suffered great damages, humiliation, deprivation of liberty and injury to her health and reputation.

Wherefore, she brings this suit and claims $25,000.00 damages.

## Second Count.

For a second count, the plaintiff, E. C. Fisher, husband of said Mrs. Robbie Lee Fisher, avers each and every allegation of and in the first count and further alleges that by reason of said adjudication of insanity of his wife, Mrs. Robbie Lee Fisher, based upon said false, wanton and malicious report of said committee, and upon which his said wife Mrs. Robbie Lee Fisher was adjudged insane, imprisoned and restrained of her liberty, he was deprived of her assistance, companionship, aid and comfort, and was put to great trouble, expense and humiliation.

Wherefore, the plaintiff claims $25,000.00 damages.''

A demurrer was filed containing six counts. The demurrer was overruled. It may be assumed that the Court below construed the declaration to state a cause of action for libel. After the demurrer was overruled, pleas were filed, as follows:

"1.   That it is not true that the report of the said committee was false, wanton and malicious, as alleged.

2.   For a further plea the defendants say that the said report of March 12, 1925, in the declaration mentioned, was made jointly by the defendants and C. H. Gonzalez, as members of a committee duly appointed under the laws of Florida by the County Judge of Escambia County, Florida, the said committee being required by the order of their appointment to secure the presence of the said Robbie Lee Fisher, and to make such thorough examination of her as would enable the said committee to ascertain her physical and mental condition at the date of such examination; that the members of the said committee were appointed, and their said report was made, in a judicial proceeding then pending in the Court of the said County Judge, of Escambia County, Florida, to-wit: an inquiry into the alleged insanity of said Robbie Lee Fisher, instituted by petition filed in said court in compliance with the provisions of Section 2308 of the Revised General Statutes of Florida, of which he then had and had taken jurisdiction, and in which proceeding, in the exercise of such jurisdiction, the said defendants and the said C. H. Gonzalez were by the said County Judge appointed such committee, and required to make such examinations of said Robbie Lee Fisher and report thereon; that the said report was made after the members of the said committee, on, to-wit: the 12th day of March, 1925, had assembled as a committee in obedience to the requirements of their appointment and had secured the presence of the said Robbie Lee Fisher and had actually, as required by law and their appointment, made examination of her, from which examination they had unanimously ascertained, found and determined that at the time of said examination she was insane; that her insanity was chronic, the apparent cause being child-birth, the particular hallu-

VOL. 93, JANUARY TERM, 1927.        1091

R. L. Fisher and E. C. Fisher v. W. C. Payne et al.—Statement of Case.

cination being sex problem, and that she required mechanical restraint to prevent her from self-injury or violence to others; that immediately after the said examination the said report was made; that the said report truly showed the findings and determination of the said committee, and the matters and things therein contained were relevant, pertinent and material to the subject matter of the said judicial inquiry in which said committee was appointed and the said report was made, to-wit: the judicial inquiry into the alleged insanity of the said Robbie Lee Fisher, then pending as aforesaid in the Court of the County Judge of Escambia County, Florida.''

3. And for a further plea severally to each count of the declaration herein, the defendants say and allege, each and every of the matters and things in the last preceding plea alleged, and in addition thereto the following; that the said report of the said committee was made in good faith, under the honest belief that the matters and things therein contained were true, and without malice or ill will on the party of the defendants.''

Motion was made to strike the 1st, 2nd and 3rd pleas upon several grounds, which motion was denied, Thereupon Plaintiff took issue on the 1st plea and made replication to the 2nd and 3rd pleas, as follows:

''That it is true that the defendants were appointed with one C. H. Gonzalez, as a committee in the manner and for the purpose and upon the condition stated in the said pleas. That it is also true that the report of said committee was relevant, pertinent and material to the subject matter of inquiry as stated in said pleas. But plaintiffs reaffirm the allegations made in plaintiffs' declaration; to-wit: That said report of said committee was false, wanton and malicious in each and every particular, and as a whole, and was made in utter disregard of professional obligations and

duties and in utter disregard of the obligations of good citizenship, and the obligations and duties owing to plaintiffs.''

Demurrer was filed to the replication. The replication admitted as follows:

''That it is also true that the report of the said committee was relevant, pertinent and material to the subject matter of inquiry as stated in said pleas.''

So the demurrer to the replication was sustained. The demurrer to the replication reached back to the sufficiency of the declaration. The admission above quoted as contained in the replication precluded the plaintiffs from recovering a judgment for libel and thereupon, the plaintiffs declining to plead further, judgment was rendered for the defendants.

There are three causes of action which may have as a primary basis for their existence a written statement, either under oath or otherwise. They are the action for libel, the action for false imprisonment and the action for malicious prosecution. The declaration in this case when construed with the replication did not contain sufficient allegations to state either of such causes of action. A cause of action for libel is not stated because this Court held in Myers v. Hodges, 53 Fla. 197, 44 Sou. 357:

''In order that defamatory words, published by parties counsel or witnesses in the due course of a judicial procedure may be absolutely privileged they must be connected with, or relevant or material to the cause in hand or subject of inquiry. If they be so published and are so relevant or pertinent to the subject of inquiry, no action will lie therefor, however false or malicious they in fact be.''

And the replication in this case admits that the alleged false report was relevant and pertinent to the subject of inquiry. A cause of action for false imprisonment is not

alleged because the declaration alleged a lawful imprisonment, that is an imprisonment authorized by a commitment from a Court of competent jurisdiction, regular on its face and valid as such order. See Burdick's Law on Torts, 4th Edition, page 303; O'shaughnessy v. Baxter, 121 Mass. 515.

In Whitten v. Bennett, 86 Federal 405, it is said:

"Arrest under a warrant, valid in form, issued by competent authority on a sufficient complaint, is not false imprisonment, though the indictment under which the warrant was issued was procured maliciously, and by artifice and misrepresentation for the purpose of extorting money. The proper remedy in such case is not an action for false imprisonment, but for malicious prosecution."

In Marks v. Townsend, 97 N. Y. 590, the Court say:

"Where an order of arrest is issued upon facts giving the Judge jurisdiction, and the defendant appears, and by showing new facts, or denying those alleged against him, procures the order to be set aside, the process is neither void, voidable nor irregular, but simply erroneous, and protects the party who procured it from an action for false imprisonment. And this is so, even if the party acted from malicious motives, or without probable cause; these may aggravate damages when a cause of action is made out, but in no way help to establish the cause of action."

And in Rich v. McInerny, 103 Ala. 345, the Court say:

"False imprisonment is the unlawful restraint of a person contrary to his will; and to recover damages therefor, an action of trespass must be brought, the gist of which is the detention of the plaintiff, and the unlawfulness of such detention."

The allegations of the declaration were not sufficient to set forth a cause of action for malicious prosecution. It is generally held that the essential elements of malicious pros-

ecution are: first, that the prosecution complained of has terminated in favor of the plaintiff; second, that it was instituted maliciously; third, that it was brought without probable cause, and fourth, that it caused him damage. Burdick's Law of Torts, 4th Edition, 309. This rule appears to have been adopted by our Court in the case of Hower v. Lewton, 18 Fla. 328. It appears, however, that this rule applies strictly to cases which have as their basis a prior criminal prosecution or a civil action. There is another class of cases in which action will lie for the malicious institution of unfounded proceedings not criminal in their nature nor constituting a civil suit and this is where proceedings are taken to have a person declared insane and to have such person restrained of his liberty as an insane person. In such cases it appears that the person who is the victim of such proceedings may maintain his action for malicious prosecution although the result of the inquisition was the commitment of such person to the care and custody of an institution provided for that purpose. Cooley on Torts, 3rd Edition, 348.

In Lockenour v. Sides *et al.,* 57 Ind. 360, the Court say:

"One who maliciously and without probable cause, institutes or procures to be instituted against another an inquisition of lunacy, is liable to the latter on his discharge, in an action for malicious prosecution, for all damages suffered by him in excess of the taxable costs of such proceeding."

And again in the same case, Mr. Justice Church, speaking for the Court, says:

"The proceedings to procure the plaintiff to be found insane, and to place him under guardianship, are not entirely like a civil action, in which the plaintiff therein claims some right in his own behalf. If the proceedings were instituted and carried on by the defendants maliciously and without probable cause, as alleged, the defend-

ants were officious intermeddlers, without any claim of right or interest in the matter; and they are, in our opinion, liable to the plaintiff for damages, in excess of the taxable costs, sustained by him by means of the proceedings.''

It is not alleged in the declaration in the instant case that the defendants, or either of them, instituted the proceedings or that the proceedings were unfounded and without probable cause.   Section 2398, Revised General Statutes of Florida, provides the manner in which proceedings to procure the commitment of a person supposed to be insane shall be instituted.   The filing of the petition as therein required before the County Judge or the Judge of the Circuit Court confers jurisdiction upon the Court where the same is filed, and thereupon it becomes the duty of the Court to appoint an examining committee and to require such committee to make examination of the person involved and report to the Court.   The declaration does not allege that either of the defendants in this case instituted the proceedings which resulted in the plaintiff being deprived of her liberty nor does it allege that they had anything whatsoever to do with the institution thereof.   The defendants, as is alleged in the declaration, were appointed by the Court in a, proceeding of which the Court then and there had jurisdiction and in the manner provided by law for such appointment.   It thereupon became the right and duty of the committee to make the examination and to report its findings.

The rule as stated by this Court in the case of Myers v. Hodges, *supra,* with reference to defamatory words published by parties, counsel or witnesses in due course of judicial proceedings we think must be held to apply to commissioners, committeemen and other like functionaries who are lawfully required by the Courts of competent jurisdiction to examine persons or things and report their findings to

such Court. That rule, as stated by Mr. Justice Parkhill speaking for the Court, in that case is:

"In the United States, according to the overwhelming weight of authority, in order that defamatory words, published by parties, counsel or witnesses in the due course of a judicial procedure may be absolutely privileged they must be connected with or relevant or material to the cause in hand or subject of inquiry. If they be so published and are so relevant or pertinent to the subject of inquiry, no action will lie therefor, however false or malicious they may in fact be."

Numerous authorities were there cited by Mr. Justice Parkhill in support of this rule of law.

Aside from the views as above stated we may deal with the declaration from the standpoint of sufficiency of pleading. The declaration alleges that the committee reported that they had found the plaintiff insane; that the report of the committee "was false, wanton and malicious, in each and every particular, and as a whole"; that the County Judge "upon said report * * * adjudged the said Mrs. Robbie Lee Fisher to be insane, and that she should forthwith be delivered to the Superintendent of the Florida State Hospital for care, maintenance and treatment;" that the "plaintiff was removed, in obedience to and by virtue of said adjudication of insanity from her home * * * and imprisoned in the common jail of Escambia County," and subsequently "was removed to the Florida State Hospital, and there restrained of her liberty," and afterwards "was granted a furlough by said Superintendent of said Hospital, and she forthwith returned to her home;" that subsequently "by reason of said adjudication of insanity, based upon said false, wanton and malicious report of said committee, the said Mrs. Robbie Lee Fisher was again arrested and again confined to the county jail of said

County of Escambia;'' that ''by reason of said false, wanton and malicious report by said committee and the consequent adjudication of insanity by the said County Judge    *    *    *    based upon said report of said committee, and consequent imprisonment in said county jail and her restraint in said Florida State Hospital    *    *    *    the plaintiff has suffered,'' &c.

Even if the allegation that ''the County Judge upon said report adjudged'' the plaintiff ''to be insane, and that she should be forthwith delivered to the Superintendent of the Florida State Hospital,'' can be regarded as showing that the alleged false, wanton and malicious report had any proximate causal relation to the placing of the plaintiff in the Florida State Hospital (Force v. Probasco, 43 N. J. L. 539), it is clear that the declaration does not show a legal or actual proximate causal relation between the alleged ''false, wanton and malicious report'' and the imprisonment of the plaintiff in the county jail, since it is definitely alleged that the Court ''upon said report'' adjudged that the plaintiff ''should forthwith be delivered to the Superintendent of the Florida State Hospital for care, maintenance and treatment.'' There is no allegation that the plaintiff was adjudged to be imprisoned in the county jail, or that the defendants had any part whatever in placing the plaintiff in the county jail.   The allegations that in obedience to and by reason of said adjudication of insanity based on said false, wanton and malicious report, plaintiff was confined in the county jail, and that ''by reason of said false, wanton and malicious report by said committee and the consequent adjudication of insanity    *    *    *    based upon said report of said committee and consequent imprisonment in said county jail,'' the plaintiff suffered, &c., do not show a causal relation between the report and the imprisonment in the county jail, particularly in view of the

specific allegation of the terms of the adjudication as to the time and place of commitment.

There is no allegation that the plaintiff at the time was in fact not insane, and the allegation that "said report of said committee was false, wanton and malicious, in each and every particular, and as a whole," is not the equivalent of an allegation that the plaintiff was at the time not insane. The allegation is that the committee reported that they had *found* the plaintiff *insane,* and that the report was false, wanton and malicious. If the committee had not in fact *found* the plaintiff to be *insane,* as the committee reported, the report would be false even though the plaintiff was in fact insane.

It is not alleged that the detention of plaintiff at the Florida State Hospital was unlawful, and no facts are alleged showing such detention to be unlawful. See Cunningham v. East River Electric Light Co., 17 N. Y. Supp. 372; Donati v. Righetti, 9 Cal. App. 45, 97 Pac. Rep. 1128; 25 C. J. 532; Ayers v. Russell, 50 Hun. 282, 25 C. J. 460; 8 Enc. Forms 509; 91 Oregon 100; 177 Mass. 11.

As to a defense, see Higenbotam v. Green, 25 Hun. (N. Y.) 214.

It therefore appears that the judgment should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.