184 So.2d 705 (1966)
IOWA MUTUAL INSURANCE COMPANY, an Iowa Corporation, Appellant,
v.
GULF HEATING & REFRIGERATION CO., Inc., a Florida Corporation, Appellee.
No. 5454.
District Court of Appeal of Florida. Second District.
March 16, 1966.
Rehearing Denied April 18, 1966.
Robert F. Nunez, St. Petersburg, for appellant.
B.J. Masterson, of Masterson, Lloyd & Rogers, St. Petersburg, for appellee.
HEWITT, ROBERT S., Associate Judge.
Defendant brings this appeal from an adverse judgment on a jury verdict in an *706 action for abuse of process, claiming wrongful and malicious garnishment.
Plaintiff was a corporation engaged in the business of fuel oil and heater installation, water pressure cleaning, sand blasting and painting of multiple storied buildings. On January 6, 1960, Defendant, through its agent, sold Plaintiff a commercial coverage insurance policy including workmen's compensation; its estimated annual premium was $75.80. On December 1, 1960, Defendant sold Plaintiff a second policy which incorporated the coverage of the first policy with some additions; its estimated annual premium was $240. Neither policy listed the appropriate high premium category of sand blasting multiple storied buildings. Defendant cancelled the second policy February 1961 and six months later audited Plaintiff's books and records and issued to Plaintiff its statement for earned premiums in the amount of $4,027.38 on both policies, which Plaintiff refused to pay. Dispute over correctness of the account arose and Defendant submitted subsequent statements of the account in the amount of $2,000 and $992.58 which Plaintiff also refused to pay. Defendant then instituted an action against Plaintiff in the Civil and Criminal Court of Record for the amount of $4,027.38 and obtained service of a writ of garnishment on the St. Petersburg Bank and Trust Company where $3,224.82 was on deposit to the account of Plaintiff. Defendant obtained a jury verdict against Plaintiff for $958.55 which was paid, and the garnishment dissolved. Thereupon, Plaintiff instituted this action.
A cause of action in tort for the wrongful and malicious seizure of property under a writ of garnishment or attachment is recognized in Florida. Strickland v. Commerce Loan Company of Jacksonville, Fla.App. 1963, 158 So.2d 814. It is well established that the principles governing a common law action for the wrongful issuance of such writs are those common law principles applicable to actions for malicious prosecution. 5 Am.Jur., Attachment and Garnishment, Section 984, pp. 189-190. An action for malicious prosecution lies in all cases where there is a concurrence of the following elements:
"(1) The commencement or continuance of an original civil or criminal judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceedings; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action." Duval Jewelry Co. v. Smith, Fla. 1931, 102 Fla. 717, 136 So. 378. Tatum Brothers Real Estate & Investment Company v. Watson, 92 Fla. 278, 109 So. 623.
It is essential to recovery in an action for malicious prosecution that the original action or prosecution complained of be instituted with malice. Wilson v. O'Neal, Fla.App. 1960, 118 So.2d 101. Such malice is defined as follows:
"Malice in this sense means malice that is dependent upon the existence of a wrongful or improper motive as distinguished from purely legal or constructive malice. It is not necessary, however, to prove any actual spite, ill will or grudge. There may be either such personal malice or the malice indicated by improper motive." 34 Am.Jur., Malicious Prosecution, Section 45.
From ought that appears in this record Defendant in good faith sought to recover audited earned premiums totaling $4,027.38.
After a careful examination of the record we fail to find any act or combination of acts from which the jury may lawfully infer wrongful or malicious conduct on the part of Defendant in pursuing a lawful remedy to collect a disputed debt. There is no evidence that Defendant was *707 activated by improper motive, or willfully disregarded the rights of Plaintiff.
The cause before us is a common law action in tort for the wrongful and malicious use of garnishment as distinguished from an action on the garnishment bond conditioned by law to pay all costs and damages sustained in consequence upon it being "improperly" brought.
We are of the view the lower court erred in failing to grant Defendant's motion for directed verdict upon the conclusion of evidence submitted by Plaintiff and again upon the conclusion of all of the evidence. Accordingly the judgment of the lower court is reversed.
SHANNON, Acting C.J., and LILES, J., concur.