221 So.2d 772 (1969)
Jesus E. DELACRUZ, Appellant,
v.
PENINSULA STATE BANK, a Banking Corporation, Appellee.
No. 68-307.
District Court of Appeal of Florida. Second District.
April 16, 1969.
*774 Ollie Ben Butler, Jr., Tampa, for appellant.
Charles W. Pittman, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
PIERCE, Judge.
Appellant Jesus E. Delacruz appeals to this Court from a summary final judgment entered by the Hillsborough County Circuit Court in favor of appellee bank in a case wherein the bank was sued by Delacruz for defamation and malicious prosecution.
On December 27, 1966, the bank filed a replevin action in the Hillsborough County Circuit Court to recover from one Michael C.R. Farrington a Ford 2-door Mustang automobile and a Volkswagon pick-up truck, to which the bank claimed the right of possession. The Sheriff was unable to locate Farrington but served a replevin writ upon one "Jesue E. DeLaCruz, party in possession" of the Ford Mustang, which was thereupon taken into custody by the Sheriff. The Volkswagon pick-up truck was not found.
The bank filed an amendment to the complaint naming Delacruz as a party defendant and reciting therein that the writ of replevin had been served upon Delacruz, who was in possession of the Ford Mustang, and that the bank was entitled to possession as against Delacruz. Copy of the amendment was mailed to Delacruz. Farrington was served by publication. Neither Delacruz nor Farrington filed a claim for the Mustang, or filed answer to the complaint or amendment.
In due course default judgment was entered against both Delacruz and Farrington, and on March 15, 1967 final judgment was entered adjudicating to the bank possession of the Mustang. No affirmative relief was sought or obtained by the bank against Delacruz by taxation of costs or otherwise.
On April 3, 1968, Delacruz filed complaint against the bank seeking damages for "malicious prosecution and defamation". The foregoing salient facts as to the replevin action were set forth, from which it was alleged that Delacruz had "suffered great * * * damages".
The bank filed motion to strike the complaint as a sham and for entry of summary judgment, averring that after final judgment had been entered in the replevin suit in favor of the bank, "no rehearing or appeal was requested or taken by any of the parties * * * and that time for appeal or other contest of the final judgment" had expired. The bank also filed answer to the complaint setting up (1) that a cause of action had not been stated in the complaint for either malicious prosecution or defamation "because the complaint fails to contain allegations of ultimate fact required by law to sustain such causes of action", (2) Delacruz was attempting to attack the final replevin judgment by collateral and impermissible means after "having failed to contest or otherwise attack the final judgment" in the replevin suit itself, and (3) that by his failure to defend the replevin action or contest the final judgment therein, Delacruz was estopped from bringing the suit for damages based thereon, and that in any event the statute of limitations barred the damage suit which was filed almost thirteen months after the final replevin judgment.
On May 1, 1968, after hearing, the Court granted the bank's motion for summary judgment, and adjudicated accordingly. The cause is now before this Court upon appeal by Delacruz from the summary judgment so entered. We affirm.
We need only consider the sufficiency of the complaint on its face to allege a tort of *775 defamation or malicious prosecution. In our opinion it does not.
It is difficult to understand upon what theory plaintiff Delacruz bases his claim for damages. The replevin writ listed "Michael C.R. Farrington, also known as M.C.R. Farrington" as sole defendant and alleged that he was wrongfully withholding the Ford Mustang from the bank. The return of service on said writ recited as follows:
"RECEIVED THIS WRIT on the 27th day of December, 1966, and executed the same in Hillsborough County, Florida, on the 27th day of December, 1966, at 5:35 P.M., Jesue E. DeLaCruz, party in possession, by delivering a true copy thereof personally and by then and there showing to such party this original and explaining to him the contents thereof, and at the same time delivering to said party a copy of the Plaintiff's initial pleadings as furnished by the Plaintiff in this cause. This original summons and all copies served were endorsed with the date and hour of service.
FURTHER RETURNED Unexecuted as to Michael C.R. Farrington, aka M.C.R. Farrington, the within named defendant, for the reason that after diligent search failed to find said defendant in Hillsborough County, Florida, this the 27th day of December, 1966."
The aforesaid return of service was made by a Deputy Sheriff, one "Lt. Olin Harrell" who also indicated on the face of the writ, in his own handwriting, that it was served on the "Brother in Law of Def. Jesus E. De La Cruz".
It may be admitted, for the sake of argument, that there were irregularities in the service of the writ and in the return of service, the details of which it is not necessary to dwell on here. But this does not necessarily give rise to a suit for damages based either upon alleged defamation or malicious prosecution. Such complaint would have to stand upon its own bottom. We will briefly discuss the two alleged causes of action seriatim.

(a) Defamation.

In the first place, there is no such legal cause of action as "defamation". Libel and slander may be founded on defamation, but the right of action itself is libel or slander, depending upon whether it is written or oral.
But disregarding the niceties of semantics and treating the action as one for defamation, the complaint was clearly deficient under the Florida decisions because (a) the falsity of any words used by the bank in the replevin action was not shown, and (b) the words actually used therein were privileged.
(a) Libel and slander (or defamation, as it may be loosely called) is a false and unprivileged publication of unfounded statements that injure a person. As stated by this 2nd District Court in McCormick v. Miami Herald Publishing Company, Fla. App. 1962, 139 So.2d 197, quoting from Layne v. Tribune Co., Fla. 1933, 108 Fla. 177, 146 So. 234, 86 A.L.R. 466:
"Libel per se may be defined as the false and unprivileged publication by letter, newspaper, or other form of writing, of unfounded statements or charges which expose a person to hatred, distrust, contempt, ridicule, or obloquy, or which tend to cause such person to be avoided, or which have a tendency to injure such person in his office, occupation, business, or employment, and which are such that in their natural and proximate consequence, will necessarily cause injury to the person concerned, in his personal, social, official, or business relations of life, so that legal injury may be presumed or implied from the bare fact of the publication itself. Briggs v. Brown, 55 Fla. 417, 46 So. 325."
There was no false statement of facts made in any of the bank's Court papers in *776 the replevin suit. The amendment to the complaint filed after the Sheriff took possession of the automobile from Delacruz merely recites:
"That the Sheriff of this County executed the writ of replevin issued herein on December 27, 1966, upon defendant Jesue E. DeLaCruz who was in possession of the 1966 Ford Mustang involved herein against whom plaintiff is lawfully entitled to possession of the aforesaid property * * *".
The foregoing recital is true and Delacruz makes no denial. So the essential and indispensable element of "false words" in a defamation action is lacking.
(b) As to the second essential element of privilege, the rule in Florida has been long established that defamatory words used in pleadings in the course of judicial proceedings are absolutely privileged if they are reasonably connected with, or are relevant or material to, the case in question, or if the pleader believes or has reasonable cause to believe that the words so used are relevant. Buchanan v. Miami Herald Publishing Company, Fla.App. 1968, 206 So.2d 465; Fisher v. Payne, 1927, 93 Fla. 1085, 113 So. 378; Budd v. J.Y. Gooch Co., 1946, 157 Fla. 716, 27 So.2d 72; Goodman v. Goldstein, Fla.App. 1962, 145 So.2d 882.
This Second District Court in St. Paul Fire & Marine Ins. Co. v. Icard, Fla.App. 1967, 196 So.2d 219, said:
"Even statements of fact made in a pleading filed in a law suit, however false and malicious they may be, are considered to be absolutely privileged under the law of libel, so long as they are reasonably connected with or material to the `cause in hand'". (Emphasis supplied).
Replevin is a possessory statutory action at law in which the main issue is the right of possession, and in essence partakes of an action in rem rather than in personam. Huckleberry v. Davis Double Seal Jalousies, Inc., Fla.App. 1960, 117 So.2d 519; Southside Atlantic Bank v. Lewis, Fla.App. 1965, 174 So.2d 470.
So the words used by the bank in its Court papers, even if they had been defamatory, were privileged and could not constitute libel.

(b) Malicious prosecution.

The case attempted to be made in the complaint for malicious prosecution is equally insufficient. The case of Tatum Bros. Real Estate & Investment Co. v. Watson, 1926, 92 Fla. 278, 109 So. 623, spells out the essential elements in a suit for malicious prosecution, as follows:
"(a) The commencement or continuance of an original criminal or civil judicial proceeding.
(b) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
(c) Its bona fide termination in favor of the present plaintiff.
(d) The absence of probable cause for such proceeding.
(e) The presence of malice therein.
(f) Damage conforming to legal standards resulting to plaintiff."
The elements cited and designated above as (c) and (d) were lacking in the complaint. It is not alleged that the replevin action terminated favorably to Delacruz, because it didn't; it terminated favorably to the bank, to whom the final judgment adjudicated the right of possession, which was the only issue involved.
On the question of probable cause, the complaint contains no allegation as to the absence of such indispensable element. Nor could there be, for the replevin action, as before stated, terminated entirely in favor of the bank. Instead of there being an absence of probable cause there was the presence of absolute right on the part of the *777 bank to the possession of the automobile involved.
The summary judgment appealed is therefore affirmed.
LILES, C.J., and McNULTY, J., concur.