264 So.2d 873 (1972)
Edward Harley CAWTHON, Appellant,
v.
Robert H. COFFER, Jr., et al., Appellees.
No. 71-670.
District Court of Appeal of Florida, Second District.
July 26, 1972.
Charles H. Oates and Paul Barnard, St. Petersburg, for appellant.
H. Vance Smith, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees Coffer and Rubio.
William J. Switalski, of Switalski & Lazzara, Tampa, for appellee Osterman.
PIERCE, Chief Judge.
Appellant Cawthon's first amended complaint was dismissed with leave to amend. His appeal to this Court was dismissed by stipulation of the parties. He then filed his second amended complaint, which was withdrawn by stipulation of the parties. Cawthon elected not to plead further, and upon motion of appellees, the cause was dismissed.
Cawthon sought to recover damages for a tort allegedly committed by appellees. He alleged, inter alia, that the appellees, Coffer and Rubio, licensed and practicing psychiatrists, and a layman, appellee Osterman, were appointed by the County Judge's Court to act as a committee to ascertain Cawthon's mental and physical condition. He alleged that the only examination made of him was cursory, superficial, *874 unspecific, without prior investigation, brief, without prior psychometric evaluation, exhibiting a reckless indifference to the rights of appellant, wholly lacking in and wantonly disregardful of that degree of care and skill required in the exercise of their respective duties and standards of care to appellant, necessitated by the circumstances and demanded by their duty as measured by the trust which the statute and Court order reposed in them, and without due examination and inquiry into the proof of the fact of appellant's true mental and physical condition. The complaint further alleged that appellees reported to the County Judge's Court that a thorough examination had been conducted and that they determined him to be incompetent. He further alleged that he was not incompetent, and that this fact would have been discovered by appellees had they made a thorough physical and mental examination of him. Cawthon alleged that as a result of this negligence, maliciousness, culpability and reckless disregard for the rights of appellant in the failure to make a thorough and complete physical and mental examination, he was adjudged incompetent; and that as a result he had suffered severe mental and emotional distress, physical pain and suffering, loss of physical health, and loss of real and personal property and income.
In its order granting the motion to dismiss, the lower Court found that the complaint failed to state a cause of action because (1) a doctor who is appointed by a Court for the purpose of making a physical examination to determine mental capacity in an incompetency proceeding should be immune from action based upon his negligence in making the examination; and (2) the complaint did not allege that the doctors performed the mental examination in an improper or negligent manner with the intent of inflicting severe or undue emotional distress.
Appellees cross-assign as error the conclusion that an action would lie against a physician appointed by a Court who deliberately performed a mental examination in an improper or negligent manner with the intent of inflicting severe or undue emotional distress upon the person being examined.
We agree with the trial Court that the complaint failed to state a cause of action.
The Courts of this State have acknowledged an absolute privilege or immunity from liability for actions arising out of judicial proceedings, including a committee appointed to examine into a person's competency, Fisher v. Payne, 1927, 93 Fla. 1085, 113 So. 378. In Beckham v. Cline, 1942, 151 Fla. 481, 10 So.2d 419, the Court did not hold that members of a court-appointed committee were liable for misstatements of findings or errors in judgment, but rather that the members of the committee were required to make an examination concerning the mental condition of the person under consideration, which they did not do, before they were authorized to make a report of their findings. In Bacon v. Bacon, 1899, 76 Miss. 458, 24 So. 968, quoted in Beckham, the physicians certified that they had examined the person under consideration and found her to be insane, when in fact they had not examined her as to her sanity or insanity. In the present case there was no allegation that the psychiatrists had not examined the appellant or that the examination was not for the purpose of determining his sanity or insanity.
In view of our ruling that the complaint was insufficient to state a cause of action against appellees, it is unnecessary to consider appellees' cross-assignment of error.
The judgment appealed is, therefore
Affirmed.
HOBSON and MANN, JJ., concur.