422 So.2d 1031 (1982)
Ellen KALT, Appellant,
v.
DOLLAR RENT-A-CAR, Appellee.
No. 80-2429.
District Court of Appeal of Florida, Third District.
November 30, 1982.
Tew, Critchlow, Sonberg, Traum & Friedbauer, P.A., and Steven Sonberg, Miami, for appellant.
Henderson & Willing, Miami, for appellee.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
Ellen Kalt, plaintiff below, appeals from a summary final judgment rendered in favor of Dollar Rent-A-Car, defendant below. We affirm in part and reverse in part.
Ellen Kalt procured a rental vehicle from Dollar Rent-A-Car by virtue of a trade exchange *1032 agreement between Miss Kalt's company and Dollar Rent-A-Car. The rental car in question was mistakenly reported by employees of Dollar Rent-A-Car as "missing off the lot" or "stolen." Subsequently, officers of the Public Safety Department found the vehicle and made inquiry of Miss Kalt regarding her possession. She produced a standard rental car agreement reflecting her possession. The police officers then telephoned Dollar Rent-A-Car and spoke to a management employee named Madrigal, who advised that the car was stolen. The officers asked Miss Kalt to remain with them until a representative of Dollar Rent-A-Car could arrive. During this interval Miss Kalt, who claimed pressing business engagements, attempted to leave the scene and was forcibly subdued by the officers. Shortly thereafter Dollar's representative arrived and was shown the rental contract previously produced by Miss Kalt. He nevertheless indicated to the officers his belief that the car was stolen. Thereafter, all the parties repaired to a Public Safety Department substation where Dollar's representative, after further checking, indicated that a mistake had been made and that Dollar Rent-A-Car declined to press any charges against Miss Kalt. Subsequently, she was charged with obstructing an investigation and battery upon a police officer. Those charges were ultimately dismissed. Ellen Kalt filed a four-count complaint against Dollar Rent-A-Car and Metropolitan Dade County.[1] Dollar Rent-A-Car moved for summary judgment on all counts, which judgment was granted.
Count one of the complaint alleges that Dollar Rent-A-Car maliciously prosecuted an action against the appellant. The law in Florida is well-settled that a malicious prosecution action requires the concurrence of the following six elements: (1) a criminal or civil judicial proceeding has been commenced against the plaintiff in the malicious prosecution action; (2) the proceeding was instigated by the defendant in the malicious prosecution action; (3) the proceeding was ended in favor of the plaintiff in the malicious prosecution action; (4) the proceeding was instigated with malice; (5) without probable cause and (6) resulted in damage to the plaintiff in the malicious prosecution action. The absence of any one of these elements will defeat a malicious prosecution action. Adams v. Whitfield, 290 So.2d 49 (Fla. 1974); Buchanan v. Miami Herald Publishing Co., 230 So.2d 9 (Fla. 1969); Warriner v. Burdines, Inc., 93 So.2d 108 (Fla. 1957); Glass v. Parrish, 51 So.2d 717 (Fla. 1951); Ward v. Allen, 152 Fla. 82, 11 So.2d 193 (1943); S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757 (1938); Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878 (1931); Fisher v. Payne, 93 Fla. 1085, 113 So. 378 (1927); Tatum Brothers Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926); Hower v. Lewton, 18 Fla. 328 (1881); and numerous cases from this court and our sister courts.[2] This *1033 record is clear that no judicial proceeding was commenced by Dollar Rent-A-Car against Miss Kalt. Indeed, it affirmatively appears from the record that Dollar Rent-A-Car specifically declined to initiate a criminal prosecution. Since the requisite six elements are not present, we hold the trial court correctly granted summary judgment as to count one.
Count four of the complaint alleges false arrest/false imprisonment. It is clear from this record that Dollar Rent-A-Car neither arrested nor imprisoned Miss Kalt. The basis for her arrest was her failure to cooperate during the course of the officer's investigation and her subsequent assault upon him (by kicking him in the groin).[3] The trial court correctly granted summary judgment as to count four.
Count three does not involve appellee Dollar Rent-A-Car.
We reverse the summary judgment with respect to count two, which alleges that Dollar Rent-A-Car was negligent in reporting to the police that the rental car in question was stolen. It is apparent from the record that there remain issues of material fact yet to be resolved which could create liability on the part of Dollar Rent-A-Car. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] Metropolitan Dade County is not a party to this appeal.
[2] Phelan v. City of Coral Gables, 415 So.2d 1292 (Fla.3d DCA 1982); Weissman v. K-Mart Corp., 396 So.2d 1164 (Fla.3d DCA 1981); Gatto v. Publix Supermarket, Inc., 387 So.2d 377 (Fla.3d DCA 1980); Shidlowsky v. Nat'l Car Rental Syss., Inc., 344 So.2d 903 (Fla.3d DCA 1977), cert. denied, 355 So.2d 516 (Fla. 1978); Appelstein v. Preston, 335 So.2d 604 (Fla.3d DCA 1976), cert. denied, 341 So.2d 1084 (Fla. 1976); Am. Salvage & Jobbing Co., Inc. v. Salomon, 295 So.2d 710 (Fla.3d DCA 1974); Silvia v. Zayre Corp., 233 So.2d 856 (Fla.3d DCA), cert. denied, 238 So.2d 112 (Fla. 1970); Community Nat'l Bank of Bal Harbour v. Burt, 183 So.2d 731 (Fla.3d DCA), cert. denied 188 So.2d 820 (Fla. 1966); Johnson v. City of Pompano Beach, 406 So.2d 1257 (Fla.4th DCA 1981); Coleman v. Collins, 384 So.2d 229 (Fla.5th DCA 1980); Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412 (Fla.4th DCA), cert. denied, 388 So.2d 1119 (Fla. 1980); Burchell v. Bechert, 356 So.2d 377 (Fla.4th DCA 1978), cert. denied, 367 So.2d 1122 (Fla. 1978); Kelly v. Millers of Orlando, Inc., 294 So.2d 704 (Fla.4th DCA 1974); Delacruz v. Peninsula State Bank, 221 So.2d 772 (Fla.2d DCA 1969); Kest v. Nathanson, 216 So.2d 233 (Fla.4th DCA 1968); Liabos v. Harman, 215 So.2d 487 (Fla.2d DCA 1968); Iowa Mut. Ins. Co. v. Gulf Heating & Refrigeration Co., 184 So.2d 705 (Fla.2d DCA 1966), quashed on other grounds, 193 So.2d 4 (Fla. 1966); Hopke v. O'Byrne, 148 So.2d 755 (Fla.1st DCA 1963); Calbeck v. Town of South Pasadena, 128 So.2d 138 (Fla.2d DCA 1961); Wilson v. O'Neal, 118 So.2d 101 (Fla.1st DCA 1960), cert. dismissed, 122 So.2d 403 (Fla. 1960), appeal dismissed, 123 So.2d 677 (Fla. 1960), cert. denied, 365 U.S. 850, 81 S.Ct. 813, 5 L.Ed.2d 814 (1961); Napper v. Krentzman, 102 So.2d 633 (Fla.2d DCA 1958).
[3] See §§ 784.07 and 843.06, Fla. Stat. (1979).