PER CURIAM.
The final order dismissing the complaint herein is reversed and the cause is remanded to the trial court for further proceedings. We reach this result based on the following briefly stated legal analysis.
First, the subject complaint stated, without dispute, a valid cause of action for libel. Second, the subject complaint does not plead, as urged, sufficient facts showing that the alleged defamatory statements were absolutely privileged because it is uncertain, based on the face of the complaint, whether the said defamatory statements— which appeared in a complaint filed in the United States District Court for the Eastern District of New York — were relevant to the prior proceeding, so as to trigger the aforesaid absolute judicial privilege. See *6 Robertson v. Industrial Insurance Co., 75 So.2d 198, 199 (Fla.1954); Sailboat Key, Inc. v. Gardner, 378 So.2d 47, 48 (Fla. 3d DCA 1979); Delacruz v. Peninsula State Bank, 221 So.2d 772, 776 (Fla. 2d DCA 1969); see also N.E. at West Palm Beach, Inc. v. Horowitz, 471 So.2d 570, 570-71 (Fla. 3d DCA 1985). Third, this reversal shall be without prejudice to the defendants’ subsequent filing of a motion for judgment on the pleadings or motion for summary judgment, upon remand, if appropriate. See Cohen v. Trask, 471 So.2d 1294, 1295 (Fla. 3d DCA 1985), pet. for review denied, 482 So.2d 350 (Fla.1986).
Reversed and remanded.