[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13302
_____

D.C. Docket No. 3:12-cv-00394-MCR-EMT


CHARLES B. BARNIV,
CYNTHIA BARNIV,
BRUCE G. WITKIND,

Plaintiffs-Appellants,


versus


BANKTRUST,
an Alabama Banking Corporation,
HAND ARENDALL, LLC,
an Alabama Limited Liability Company,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 27, 2014)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

This is the plaintiffs' appeal from the district court's entry of judgment against them, more specifically its grant of summary judgment in favor of the defendants on the Florida law claim of wrongful garnishment. Because the parties and the district court are familiar with the procedural history and the facts, we will not belabor them here but will instead proceed straight to the points of decision.

Under Florida law, the tort of wrongful garnishment has the same elements as the tort of malicious prosecution. Burshan v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 805 So. 2d 835, 844–45 (Fla. 4th DCA 2001); Iowa Mut. Ins. Co. v. Gulf Heating & Refrigeration Co., 184 So. 2d 705, 706 (Fla. 2d DCA 1966) ("It is well established that the principles governing a common law action for the wrongful issuance of such writs [of garnishment] are those common law principles applicable to actions for malicious prosecution."), quashed on other grounds, 193 So. 2d 4 (Fla. 1966). Those six elements are: (1) the defendant commenced or continued a proceeding against the plaintiffs, (2) the defendant was the legal cause of that proceeding, (3) the plaintiffs received a "bona fide termination" of the proceeding in their favor, (4) the defendant did not have "probable cause" for the proceeding, (5) the defendant acted with "legal malice"; and (6) the plaintiffs suffered damages. See Adams v. Whitfield, 290 So. 2d 49, 51 (Fla. 1974). In this

2

case the existence of the first two elements is undisputed, while the existence of each of the remaining four elements is disputed.  To explain why the entry of judgment against the plaintiffs was correct, we need go no further than the third element, but we will also address the fourth one for good measure.

As for the third element, at the time this lawsuit was filed and even now, there has been no "bona fide termination" of the garnishment proceeding in favor of the plaintiffs.  A termination is not "bona fide" in this context unless it is on the merits instead of for a procedural reason.  See Doss v. Bank of Am., N.A., 857 So. 2d 991, 995 (Fla. 5th DCA 2003) ("[S]uits that terminate because of technical or procedural reasons or considerations other than the merits of the first suit, are not 'bona fide terminations' . . . ."); see also Cohen v. Corwin, 980 So. 2d 1153, 1155–56 (Fla. 4th DCA 2008); Arison Shipping Co. v. Hatfield, 352 So. 2d 539, 539–40 (Fla. 3d DCA 1977).  The writs of garnishment were not set aside on the merits but instead were quashed solely because of a procedural reason that arose after the writs had been issued, that reason being the filing of the plaintiffs' counterclaims. See Barniv v. BankTrust, 85 So. 3d 581, 582 (Fla. 1st DCA 2012) (per curiam) ("We reverse the lower court's order denying appellants' emergency motion to quash writs of execution and garnishment, because appellants' counterclaims against appellee remain pending.") (emphasis added).  The absence of the third element is enough by itself to defeat the plaintiffs' wrongful garnishment claim.

3

The claim also fails on the fourth element, which requires a plaintiff to show that there was an absence of probable cause at the time the writ of garnishment was sought and issued.  Under Florida law the issuance of a writ of garnishment raises a presumption of the existence of probable cause for it.  See Goldstein v. Sabella, 88 So. 2d 910, 911 (Fla. 1956) (noting that a plaintiff who had been convicted of a crime must overcome a presumption of probable cause when asserting a malicious prosecution claim); see also Burshan, 805 So. 2d at 844–45 ("The principles governing a common law action for the wrongful issuance of a garnishment writ are those common law principles applicable to actions for malicious prosecution.") (footnote and quotation marks omitted); Iowa Mut. Ins. Co., 184 So. 2d at 706 (same).  The plaintiffs have not rebutted that presumption by a showing that the writs were obtained by fraud, perjury, or other corrupt means.  Indeed, even without the presumption, we would conclude that probable cause for the issuance of the writs existed.

We have not overlooked the plaintiffs' contention that a judgment has to be appealable as well as final in order to serve as the basis for a writ of garnishment. That is not the general rule in Florida.  See E. Ave., LLC v. Insignia Bank, 136 So. 3d 659, 661 (Fla. 2d DCA 2014) (recognizing that executable judgments can be executable under Florida law even if they are not final and immediately appealable, even though that may leave a party "exposed to enforcement of the judgment at a

4

time when it cannot obtain review of it"). The First District Court of Appeal, which has appellate jurisdiction over the area where the orders giving rise to this case were entered, has dismissed an appeal from a non-final order while recognizing that the order contained the traditional language of finality, "for which let execution issue," making the judgment "immediately executable." Raymond James & Assocs., Inc. v. Godshall, 851 So. 2d 879, 880 (Fla. 1st DCA 2003). That decision meant that "the appellant [was] unable to obtain review or a supersedeas of the order while the judgment creditor [was] able to pursue its collection by execution." E. Ave., LLC, 136 So.3d at 662. Regardless of whether we think that the law should be different, it is Florida law and we are bound to follow the decisions of the Florida courts.

**AFFIRMED.**