STATE OF MISSOURI, Respondent, v. E. G. HANCOCK *et al.,* Appellants.

St. Louis Court of Appeals, January 4, 1898.

1. **Criminal Law**: POWER OF POLICE OFFICER TO MAKE ARRESTS WITHOUT WARRANT: EVIDENCE. A police officer of the city of St. Louis may lawfully arrest an offender, regardless of the grade of the offense, when he has reasonable and probable cause to suspect the person of the commission of the offense; and the exclusion of evidence offered by defendants, which clearly justified the arrest in this case, was palpable error. R. S. 1889, sec. 5, p. 2194.

2. ———: RESISTANCE TO ARREST: LIMIT OF AUTHORITY OF OFFICER IN OVERCOMING. An officer, in making a lawful attempt to arrest, has the lawful right, if resistance is made, to overcome it, and make the arrest, by using such force as is reasonably necessary for the purpose; but if he uses violence when no resistance is offered, or excessive violence when offered, he is not excusable, and can not justify the use of such violence under the plea of a lawful right to make the arrest.

*Appeal from the St. Louis Court of Criminal Correction.* HON. DAVID MURPHY, Judge.

REVERSED AND REMANDED.

*Jas. M. Lewis,* vice and acting president board of police commissioners, *amicus curiae.*

The authority of police officers in St. Louis to make arrests is conferred by section 5, article 29,

Revised Statutes 1889, page 2194.   See *State v. Grant*, 76 Mo. 236.  See, also, *State v. Underwood*, 75 Mo. 230; *State v. Snyder*, 64 *Id.* 58; *State v. Davidson*, 44 Mo. App. 513, 518; *State v. Holcomb*, 86 Mo. 371; *Taaffe v. Slevin*, 11 Mo. App. 507.

No brief filed for respondent.

BLAND, P. J.—The defendants are police officers of the city of St. Louis; they were convicted of an assault and battery on the person of one Susie Moton, from which conviction they duly appealed to this court.  The evidence showed that they arrested the prosecuting witness Susie Moton, and forced her to walk to a police station, where she was locked up and held until she furnished a bail bond.  The defendants offered to prove on the trial that just before her arrest Susie Moton had committed a breach of the peace at a school house in the city, and that immediately thereafter the defendants were informed of her offense by the principal of the school, and requested to arrest her.  The court, on objection made by the state, excluded this testimony, to which ruling defendants excepted.  Defendants also offered to prove that after the arrest of Susie Moton, she was duly convicted of the offense for which defendants arrested her.  This testimony was also excluded by the court, and an exception saved.  The court gave the following instruction, to which defendants objected and excepted:

"The court instructs the jury that under the law and evidence in the case that the defendants had no legal right to lay hands upon the prosecuting witness for the purpose of making an arrest or for any other purpose; that the defendants as officers, not having been witnesses to any alleged disturbance of the peace, and having no warrant for the arrest of the prosecuting

witness, had no right or excuse to invade her premises. If the jury believe that said defendants did so invade her premises and did lay hands upon her in a rude and violent manner, and did beat, strike, injure or otherwise maltreat said prosecuting witness, then the jury should find the defendants guilty as charged in the complaint.''

The only question presented by the record for decision here is whether the defendants as police officers had the lawful right to arrest Susie Moton without a warrant, on information of a private person that she had just committed a breach of the peace. At common law neither a sheriff, constable or police officer can lawfully make an arrest for a past offense of a grade lower than a felony without a warrant unless the offense was committed in his presence or within his view. 1 Bishop on Crim. Procedure, sec. 638; *State v. Underwood*, 75 Mo. 230; *State v. Holcomb*, 86 Mo. 371. This rule of the common law has been enlarged by ·section 5, article 29, Revised Statutes 1889, page 2194, so as to give the police officers of the city of St. Louis power and authority to make arrests without warrant for offenses below the grade of felony. In *State v. Grant*, 76 Mo. 236, Judge SHERWOOD, in construing a law applicable to the police of Kansas City, of which section 5, *supra*, is a copy, held that "the section authorizes a police officer of Kansas City to make an arrest without warrant for any grade of offense, provided always that the officer who arrests for a past misdemeanor has the same ground of reasonable suspicion as would justify ·him at common law in arresting for a felony already committed." A police officer of the city of St. Louis, by virtue of section 5, *supra*, may lawfully arrest the offender without warrant, regardless of the grade of ·the offense, where there is a reasonable and probable cause

POWER of police officer to make arrests without warrant.

to suspect the person to be arrested of the commission of the offense. On the trial the defendants offered to make proof of facts, which clearly justified the arrest, viz., that Susie Moton, after her arrest, was convicted of the offense for which they arrested her. The exclusion of this testimony by the court was palpable error. The instruction given was opposed to the views herein expressed and was erroneous. \ There was some evidence that the defendants used violence to the person of Mrs. Moton in making the arrest.

RESISTANCE to arrest: limit of authority of officer in overcoming. Where a lawful attempt is made by a sheriff, constable or police officer to arrest an offender, it is his duty to submit to the arrest without offering resistance; if he resists, the officer has the lawful right to overcome such resistance and make the arrest by using such force as is reasonably necessary to accomplish his purpose; but if he uses violence when no resistance is offered, or uses excessive and unreasonable violence to overcome resistance when offered, he is not excusable, and can not justify the use of unnecessary or excessive violence under the plea of a lawful right to make the arrest.

For the errors above noted the judgment will be reversed and the cause remanded. All concur.