JANVIER, Judge.
Plaintiff, by original and supplemental petitions, brought this suit for damages against four defendants, praying for judgment solidarity against all four in the sum of $1027.50 as damages, charging defendants, Earl Porche and Karl Kanzig, New Orleans police officers, with false arrest and false imprisonment, and charging defendants, Richard L. Plodges and Edgar B. Fontaine, Jr., with having instigated the false arrest and false imprisonment.
The two police officers, Porche and Kan-zig, filed exceptions of no cause of action. These exceptions were maintained, and the suit as to them was dismissed. The matter is now before us on the devolutive appeal *813 of plaintiff from the judgment dismissing the suit as against those two defendants. ■
The charges made against the two police officers are thát, in placing the plaintiff under arrest, they violated the provisions of LSA-R.S. 15:60.1 in that they arrested, without warrant, for a misdemeanor which was not committed in their presence. It is also contended that they acted without probable cause.
The petitions allege that the two other defendants, Hodges and Fontaine, Jr., made complaint to the Police Department and, as a result of that complaint, the two police officers made the arrest of plaintiff. The petitions further allege that, after the arrest was made, the plaintiff was charged with “vagrancy under [LSA-] R.S. 14:107, pending investigation of burglary and attempting to pass worthless checks.”
It is the fact that, according to the petition, the charge made against the plaintiff was “vagrancy”, which prompts the argument that the police officers acted in violation of LSA-R.S. 15:60.1, since it is argued that “vagrancy” is not a felony, and that accordingly no arrest therefor may 'be made unless the offense is committed in the presence of the officers making the arrest, or unless the arrest is made under a warrant. The petitions, however, very plainly allege facts which show that the arrest was not made for vagrancy but for “burglary” and “passing worthless checks.”
Plaintiff alleges, as against the other two defendants, Hodges and Fontaine, Jr., that they instigated the arrest. It is alleged that the defendant Hodges leased office space in a building of Commercial Terminal Warehouse Company, Inc., of which the other defendant, Fontaine, Jr., was manager, and that those two defendants, Hodges and Fontaine, Jr., believing that the plaintiff, Johnson, had stolen certain money and property and had forged the signature of Hodges on certain checks, notified the Police Department, advising that Johnson was at that time in the office and asking that the police officers be sent to make the necessary arrest.
 In view of these allegations it is clear that the police officers, in making the arrest, acted on the request of Plodges and Fontaine, Jr., and that they made the arrest, not for vagrancy, but for burglary and passing worthless checks. For such offense a police officer may arrest without warrant “When he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it”. LSA-R.S. 15:60. Surely these police officers had such reasonable cause to believe that a felony had been committed and that Johnson had committed it, since the Police Department had - been so advised by Hodges and Fontaine, Jr.' :
The Supreme Court considered a situation very similar in Lyons v. Carroll, 107 La. 471, 31 So. 760. There, one of the defendants, Carroll, reported to the Police' Department the theft of a jewel'and the other defendants, Kerwin and DeRance, police officers, were sent to investigate. Carroll gave to the police officers “the names of those whom he suspected and charged with having committed the theft, or of being implicated therein, and whom he wanted arrested and prosecuted therefor, and among the names so given by Carroll was that of the plaintiff.” The Court held that, in making the arrest, the police officers .had acted in good faith and with probable cause. The Court said:
“They were called upon as officers of the law to perform a public.duty, to wit,, ferret out and arrest parties thought to have committed an infraction of the criminal laws, and from what occurred, as narrated in the petition, we are unable to reach the conclusion that they did not have grounds for believing,. for entertaining an honest and reasonable suspicion that the plaintiff was one of the guilty parties. See Womack v. Fudikar, 47 La.Ann. [33], 36, 16 So. 645.”
In O’Malley v. Whitaker, 118 La. 906, 43 So. 545, 546, the Supreme Court discussed the wisdom of the rule, that a police 'officer may in certain cases act on information obtained from others, saying:
“If those in charge of the police cannot act upon information received unless it first appears that the information was known in some way by the one *814 against whom it is brought, then it would be very seldom possible to act upon information received in causing an arrest.”
In 17 T.L.R. 82, in an article entitled “Tortious Liability for False Imprisonment in Louisiana,” there may be found an interesting discussion of the obligations of police officers and their possible liability in certain situations, and in that .article, on pages 88 and 89, is found the following:
“ * * * The reason for this distinction 'between the privilege of an officer and that of a private citizen would seem to be grounded in the public policy which requires that those who are charged with the enforcement of the law should not be made unduly apprehensive that they will be mulcted in damages for honest attempts to enforce the law, else the enforcement of the law will suffer; whereas it seems desirable to apply a stricter test of liability to the private citizen who takes it upon himself to enforce what he thinks is the law, else legal protection of the interest in freedom from confinement may be rendered ineffective.”
The only question posed by counsel for plaintiff which gives us any concern is the fact that it is alleged that, when the plaintiff was “booked”, he was not charged with a felony, but was charged merely with '“vagrancy” pending investigation of burglary and passing Worthless checks. We gather from these allegations, when coupled with the other allegations of the petition, that, as a matter of fact, the plaintiff was arrested not for vagrancy, but for burglary and passing worthless checks, and we do not see that he has the right to complain that, though he was actually arrested for a rather serious felony, he was merely “booked” with what seems to us to be a misdemeanor of minor importance. There may have been a mistake in “'booking” him with vagrancy, 'but it cannot be said that he was actually arrested for that offense. The allegations of the petitions must be interpreted as very clearly averring that he was arrested in good faith and on probable cause on the belief that he had committed burglary and had forged checks.
. In view of the allegations of the petitions, we conclude that the police officers who made the arrest did so in good faith and with probable cause, believing ■ that plaintiff might have been guilty of a felony. They were justified in so doing on the information which the petitions allege that they had.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.