The STATE OF LOUISIANA ex rel.
Sam NAYLOR
v.
Victor G. WALKER, Warden, Louisiana
State Penitentiary, et al.

Misc. No. 631.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 14, 1962.

C. Alvin Tyler, Baton Rouge, La., for petitioner.

Scallan Walsh, Atty. Gen.'s Office, Baton Rouge, La., for defendant.

WEST, District Judge.

This matter is before the Court on the application for a writ of habeas

corpus filed by petitioner, Sam Naylor, who is presently incarcerated in the Louisiana State Penitentiary. He was tried before a jury in a State Court in Louisiana on an indictment for illegal possession of narcotics, and, after being found guilty, sentenced to serve ten years in the Louisiana State Penitentiary. An order to show cause why the writ should not be granted was duly issued out of this Court and served upon the Warden of the Louisiana State Penitentiary and the Attorney General of the State of Louisiana, and in accordance with the request of petitioner, an attorney was appointed by this Court to represent him herein. After hearing arguments of counsel, and after studying the briefs submitted by counsel and the transcript of the record of the proceedings in the State Court, the Court found the following facts to have been established.

On March 28, 1955, at about 8:45 p. m., members of the Narcotics Squad of the New Orleans Police Department, acting on what they considered to be reliable information, were keeping Apartment 3–A at 1717 Bayou Road under surveillance. They saw the petitioner, Sam Naylor, knock at the door of the apartment. After identifying himself by name, he was admitted by a female later identified as Dorothy Hanson. After Naylor was admitted to the apartment, one of the officers, Mr. Gustafson, went to the door and watched the proceedings inside through the keyhole. He saw the petitioner take a small box from his pocket and then empty the contents of the box into his left hand, displaying said contents to Dorothy Hanson. Dorothy Hanson then left the room, and the officers decided to hit the door and rush in to make an arrest. Based upon the information previously received by them, they had reason to believe that the contents taken from the box by Sam Naylor contained capsules of heroin. When the officers hit the door, instead of the door opening, a panel broke out of the door and the officers rushed in. Petitioner, upon seeing the officers enter, attempted to grab all of the capsules and run to the bathroom. One of the officers fired a shot into the air to try to deter petitioner, but petitioner continued to the bathroom and, turning on the hot water, flushed all of the capsules which he had in his hand down the sink drain. Upon returning to the kitchen, the officers found the box from which the capsules had been taken. The box, lying on the table, still contained three capsules, and one additional capsule was found by the officers on the floor by the kitchen table. All of these capsules contained heroin. Both Naylor and Dorothy Hanson were then arrested and charged with violation of LSA–Revised Statutes 40:962 pertaining to illegal possession of narcotics. On April 26, 1955, the petitioners, Sam Naylor and Dorothy Hanson, were arraigned, and both pleaded not guilty. The prosecution of Dorothy Hanson was ultimately abandoned by the State, and on July 27, 1955, Sam Naylor was tried before a jury and found guilty as charged. On September 7, 1955, he was sentenced to serve ten years at hard labor in the Louisiana State Penitentiary.

Petitioner now alleges that he has been imprisoned and denied his liberty without due process of law, and has been denied equal protection of the law based upon his contention that he was unlawfully arrested without a warrant and was convicted on evidence obtained by an illegal search and seizure, without a warrant, all in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. As authority for his contention, petitioner cites the case of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

The Fourth Amendment to the United States Constitution does not secure persons against any and all searches and seizures, but only against unreasonable searches and seizures. The Mapp case in no way undertakes to change the well-established law as it pertains to the interpretation of this provision of the Constitution. On the contrary, the United States Supreme Court in the Mapp case recognized this limitation on the

protection afforded by the Fourth Amendment against searches and seizures when it said:

"Because there can be no fixed formula, we are admittedly met with 'recurring questions of reasonableness of searches,' but less is not to be expected when dealing with the Constitution, and, at any rate, '[r]easonableness is in the first instance for the [trial court] * * * to determine.' "

The Mapp case stands for nothing other than the fact that evidence obtained by an illegal search or seizure, in violation of the United States Constitution, may no longer be used in a State Court prosecution. In other words, it merely extends the so-called exclusionary rule and makes it applicable to State Courts as well as Federal Courts. It did not in any way change or affect the well-established rules of law pertaining to the reasonableness of the search or seizure involved.

It is settled beyond question that when a felony is being committed in the presence of an officer, an arrest may be made without a warrant. LSA–Revised Statutes Title 15:60; United States v. Lindsly, D.C., 7 F.2d 247.

Also, where an officer is apprised by any of his senses that a crime is being committed, it is considered as being committed in his presence so as to justify an arrest without a warrant. McBride v. United States, 5 Cir., 284 F. 416. Under Louisiana law, an arrest can be made without a warrant where there is probable cause or surrounding suspicious circumstances. O'Malley v. Whitaker et al., 118 La. 906, 43 So. 545; Barfield v. Marron, 222 La. 210, 62 So. 2d 276; Johnson v. Hodges, La.App., 65 So.2d 812.

Probable cause has been defined as a reasonable grounds for belief of guilt. It exists where the facts and the circumstances within the officer's knowledge are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

Under the circumstances of the present case, there can be no doubt of the fact that the arresting officers had reasonable cause within the meaning of LSA–Revised Statutes 15:60, and probable cause within the meaning of the Fourth Amendment to the United States Constitution, to believe that a felony was about to be committed, and indeed, that a violation of the Louisiana Narcotics Act, a felony, was actually being committed by the petitioner within the presence of the arresting officers. That the officer had time to have obtained a warrant and failed to do so does not make an otherwise legal arrest or legal search and seizure illegal. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145.

The fact that the arresting officers broke through the door in the process of making the arrest does not make the arrest illegal. While there seem to be no Louisiana cases directly at point, I can find nothing in the jurisprudence of Louisiana to indicate in any way that such a method of making an arrest, under appropriate circumstances, would be illegal. In the case of Williams v. United States, 9 Cir., 273 F.2d 781, the Court held that even though a California Statute provided for forced entry *after* a demand for admittance had been made and denied, the fact that no demand for admittance was made prior to the forced entry did not violate the petitioner's constitutional rights. The Court held there that if the officer's peril would have been increased or the arrest frustrated had he demanded entrance first, then an immediate forced entry was justified. This Court now adopts the reasoning stated in the Williams case and the cases therein cited, and holds that under the circumstances of this case, the forced entry made by the arresting officers was entirely justified and legal.

As to the validity of the ensuing search and the seizure of the cap-

sules of heroin, there can be no doubt. Where the arrest is lawful, subsequent search and seizure incident to the arrest is likewise valid. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145.

It is therefore the conclusion of this Court that the arrest of the petitioner was a lawful and valid arrest, and that there was no unreasonable search or seizure conducted by the arresting officers. The rights guaranteed to the petitioner by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution have not been violated, and petitioner's application for a writ of habeas corpus is thus denied.