148 So.2d 755 (1963)
Richard A. HOPKE, Appellant,
v.
Thomas O'BYRNE, Appellee.
No. D-461.
District Court of Appeal of Florida. First District.
January 15, 1963.
Rehearing Denied February 11, 1963.
Paul R. Stern, Daytona Beach, for appellant.
William W. Judge, Daytona Beach, for appellee.
CARROLL, DONALD K., Chief Judge.
In this action for maliciously prosecuting a malicious prosecution suit, the plaintiff has appealed from a final judgment entered by the Circuit Court for Volusia County, dismissing his complaint.
The sole question to be determined on this appeal is whether in the present action the trial court properly granted the defendant's motion to dismiss the plaintiff's complaint. In such a consideration the trial court and this court are confined exclusively to an examination of the complaint and any attached documents incorporated therein in determining whether the plaintiff has alleged a cause of action. The question of the sufficiency of the evidence which the plaintiff will likely be able to produce in a hearing on the merits, is wholly irrelevant and immaterial in reaching such a determination.
In his complaint, filed on July 19, 1962, in the said Circuit Court, the plaintiff, Richard A. Hopke, alleges the following: That on or about June 6, 1961, the defendant, Thomas O'Byrne, filed a complaint in the said Circuit Court, which latter complaint alleges that Hopke had on May 11, 1961, maliciously and without probable cause filed his sworn affidavit in a justice of the *756 peace court in said county charging O'Byrne with the crime of operating a business in violation of a zoning resolution of the North Peninsula Zoning District; that, based upon such affidavit, the said justice of the peace issued a warrant for the arrest of O'Byrne, who was then arrested and taken into custody; that at a hearing held on May 31, 1961, the said charge was dismissed and the criminal proceedings terminated in O'Byrne's favor; that by reason of the false affidavit O'Byrne was humiliated, embarrassed, and brought into public disgrace. That on August 4, 1961, the Circuit Court for Volusia County entered a summary final judgment against O'Byrne in his malicious prosecution action. On appeal this court affirmed the said judgment in a per curiam order reported in 140 So.2d 155.
In his complaint in the instant action Hopke further alleges that on June 6, 1961, when O'Byrne filed his malicious prosecution action, he "knew that the allegations contained in said complaint were false and untrue, that there was no probable cause for charging" Hopke as he did, and that Hopke "had not instigated criminal proceedings against" O'Byrne. Hopke also alleges that O'Byrne's said action was filed with the intent to bring Hopke's good name into disgrace and disrepute, and with the further intent of coercing the North Peninsula Zoning Commission, of which Hopke was chairman, into approval of a certain plat which was the subject of a controversy between O'Byrne, on the one hand, and, on the other hand, Hopke and the other members of the said commission. Hopke then alleges the damages he has suffered as a result of O'Byrne's malicious prosecution action.
While the defendant incorporated several grounds in his motion to dismiss the complaint, the principal ground was doubtless the failure to state a cause of action or claim for relief.
In many decisions the appellate courts of this state have delineated the essential elements of the tort known as malicious prosecution. For instance in Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926), the Supreme Court of Florida held:
"An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action."
In our opinion, Hopke's complaint in the instant case sufficiently alleges all of the essential elements of an action for malicious prosecution, including malice and want of probable cause. Whether he will ultimately be able to carry his burden of proving those allegations by competent evidence at a hearing, is, as we pointed out above, wholly irrelevant to the present consideration. It is basic that in passing upon a motion to dismiss a complaint, all of the well-pleaded allegations of the complaint must be accepted as true. In our court system no privilege is more valuable than the opportunity accorded a plaintiff who has sufficiently alleged in his complaint a cognizable cause of action, to present his evidence in support of those allegations before the appropriate trier of the facts.
Our research has not uncovered any case in this or another jurisdiction involving, as here, an action for maliciously prosecuting another malicious prosecution action. We know of no principle, however, that would justify removing a malicious prosecution action from the class of civil proceedings that may be the basis for an action for malicious prosecution.
*757 We hold, therefore, that the complaint filed by the appellant, Hopke, sufficiently states a cause of action for malicious prosecution against the appellee, O'Byrne, and that the trial court erred in dismissing the complaint. The final judgment appealed from herein is reversed, and the cause is remanded with directions for further proceedings consistent with this opinion.
Reversed and remanded.
STURGIS and RAWLS, JJ., concur.