**Barbara A. NESMITH and Richard A. Nesmith, Appellants,**

v.

**H. D. ALFORD et al., Appellees.**

**No. 19609.**

United States Court of Appeals
Fifth Circuit.

Aug. 15, 1963.

Benjamin E. Smith, New Orleans La., Clifford J. Durr, Montgomery, Ala., for appellants.

Calvin M. Whitesell, James J. Carter, John Peter Kohn, Jr., Ira DeMent, Hugh Maddox, Montgomery, Ala., for appellees.

Before RIVES, CAMERON and BROWN, Circuit Judges.

PER CURIAM.

It is Ordered that the Petitions for Rehearing filed in the above entitled and numbered cause be, and the same are, hereby

Denied.

CAMERON, Circuit Judge (dissenting).

I respectfully dissent from the per curiam order denying the petitions for rehearing filed on behalf of appellees in this case. The appellees bring to our attention a decision which seems exactly in point and which was decided after this case was submitted to this Court, Ralph D. Abernathy v. State, The Alabama Court of Appeals, October 23, 1962, Petition for writ of certiorari denied by the Supreme Court of Alabama, July 25, 1963, 155 So.2d 592. This case involved white persons and Negroes eating together in a public place so situated that they could not be seen from the outside. The atmosphere was tense and there was proof that what the appellant did was "conduct calculated to provoke a breach of the peace * * *"

The appellant filed a demurrer to each count of the indictment, as well as a motion to quash, and moved at the end of the State's case that the evidence be excluded and the appellant discharged "on the grounds that to convict him under the evidence adduced would deprive him of his constitutional rights of due process of law." The Court of Appeals of Alabama upheld a conviction in the trial court, holding:

"The question of whether certain conduct constitutes a breach of the peace depends largely upon the facts of each particular case and the circumstances surrounding the incident. An act which would be lawful in some circumstances may amount to a breach of the peace if done under other circumstances.

"Under the facts and circumstances adduced we think the question of whether the defendant's conduct was reasonably calculated to provoke a

1. United States Use and Benefit of Goodman v. R. P. Farnsworth & Co., Inc., D.C., 218 F.Supp. 791.

breach of the peace was one for the trier of fact. The evidence was sufficient to sustain the judgment of the trial court."

The last word, therefore, from an appellate court of Alabama, which the Supreme Court refused to disturb on petition for certiorari, decides many of the important issues involved in this appeal in a way which is opposed to the holdings of the majority here. I think the petitions for rehearing should be granted upon the basis of this new holding in addition to the reasons set forth in my original dissenting opinion.

I dissent, therefore, from the order denying the petitions for rehearing.