PIERCE, Judge
(dissenting).
I am impelled to dissent from my brethren in this case, but it is my view that an indispensable element of the cause of action for malicious prosecution transpired in Pin-ellas County, because whereof the Courts of that county had at least concurrent venue, which could not be forcibly ousted. I refer to the element of damages.
F.S. Sec. 46.01, F.S.A. prescribes the statutory venue for civil actions as follows:
“Suits shall be begun only in the County * * * where the defendant resides, or •where the cause of action accrued, or where the property in litigation is located.” (Emphasis supplied).
Hopke v. O’Byrne, Fla.App.1963, 148 So.2d 755, was a 1st District Court case *42 involving malicious prosecution and I quote^ from pertinent portions, of the unanimous opinion written by then Chief Judge Carroll:
“In this action for maliciously prosecuting a malicious prosecution suit, the plaintiff has appealed from a final judgment entered by the Circuit Court for Volusia County, dismissing his complaint.
“The sole question to be determined on this appeal is whether in the present action the trial court properly granted the defendant’s motion to dismiss the plaintiff’s complaint. In such a consideration the trial court and this court are confined exclusively to an examination of the complaint and any attached documents incorporated therein in determining whether the plaintiff has alleged a cause of >action.
******
“In many decisions the appellate courts of this state have delineated the essential elements of the tort known as malicious prosecution. For instance in Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926), the Supreme Court of Florida held:
‘An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action.’
“In our opinion, Hopke’s complaint in the instant case sufficiently alleges of the essential elements of cm action for malicious prosecution, including malice and want of probable cause. * * In our court system no privilege is more valuable than the opportunity accorded a plaintiff who has sufficiently alleged in his complaint a cognizable cause of action, to present his evidence in support of those allegations before the appropriate trier of the facts.
******
“We hold, therefore, that the complaint filed by the appellant, Hopke, sufficiently states a cause of action for malicious prosecution against the appellee, O’Byrne, and that the trial court erred in dismissing the complaint.” (Emphasis supplied).
The above quotation from Tatum Bros., contained in Hopke, was taken verbatim from the text in 54 C.J.S. Malicious Prosecution § 4, page 955, which cites in support thereof opinions from Courts of last resort in 36 States, including the Florida Supreme Court cases of Duval Jewelry Co. v. Smith, Fla.1931, 102 Fla. 717, 136 So. 878, and Fisher v. Payne, 1927, 93 Fla. 1085, 113 So. 378, and also numerous Federal Court cases including the 5th C.A. case from Alabama, Nesmith v. Alford, 318 F.2d 110, reh. den. 319 F.2d 859, cert. den. 84 S.Ct. 489, 375 U.S. 975, 11 L.Ed.2d 420.
The said language in C.J.S. is immediately succeeded by the following statement (54 C.J.S. Malicious Prosecution, page 956) :
“Damage or injury as element. Damage or injury to plaintiff as a result of the action or prosecution complained of is a necessary element in an action for malicious prosecution; and it has been said that there are only three sorts of damage sufficient to support the action: Damage to a man’s fame, as if the matter of which he is accused is scandalous; damage to his person, as where a man is put in danger of losing life, limb, or liberty; damage to his property, as where he is forced to expend money a/nd necessary charges to acquit himself of the crime of which he is accused; and the action is maintain *43 able if, and only if, it falls within any one of these three heads.” (Emphasis supplied).
It will be noted in Hopke that the opinion repeatedly emphasizes the term “cause of action”, which is the identical language of the venue statute; also, that after enumerating damages as being one of the “essential elements”, it makes the inclusion of such element indispensable by observing that “[i]f any one of these elements is lacking, the result is fatal to the action.”
The phrase “cause of action” has received many and variegated definitions, but such divergencies have now largely been congealed in the language of the late Mr. Justice Hobson, speaking for the Supreme Court, in Shearn v. Orlando Funeral Home, Fla.1956, 88 So.2d 591, as follows:
“Although no thoroughly satisfactory definition of a cause of action has been laid down by the authorities, it is generally conceded under the modern view that a cause of action is the right which a party has to institute a judicial proceeding.”
Principally, where I must part company with the majority opinion is in the following language contained therein:
“The only act shown in the record was that of the arrest of plaintiff in Pinellas County; and since this is not an essential element of the tort action of malicious prosecution, it therefore will not be the only factor determining proper venue.”
In the first place, “the arrest of plaintiff in Pinellas County” did not have to be necessarily “the only factor determining proper venue”; it only had to be one of the factors conferring venue, not necessarily exclusively but at least concurrent. In the second place, and more importantly, the quoted language that the arrest, meaning of course damages, “is not an essential element of the tort action of malicious prosecution” is, in my view, directly in conflict with what our Supreme Court held the law to be in the Tatum Bros., Hopke, Duval Jewelry and Fisher cases, supra.
Here, the plaintiff had suffered no damage “conformable to legal standards” until’ he was arrested in Pinellas County. When that happened and he was subsequently exonerated, the cycle of concurring elements-closed, and, inasmuch as the element of damages occurred in Pinellas County, the-courts of that County had venue of the-action equally with the courts of Marion County, the situs of the original criminal proceeding.
I would therefore reverse the order of the lower Court appealed from and in effect re-instate the case.