**Herman Wayne TAYLOR and Herman R. Taylor, Next of Friend, Plaintiffs,**

v.

**Walter McDONALD, Defendant.**

**No. CA–5–919.**

United States District Court,
N. D. Texas,
Lubbock Division.

Aug. 11, 1972.

---

Buford C. Terrell, Lubbock, Tex., for plaintiffs.

Madison Sowder, Lubbock, Tex., for defendant.

## MEMORANDUM OPINION

WOODWARD, District Judge.

Plaintiffs bring this action against defendant for recovery of damages alleging violation of the plaintiffs' rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, arising out of an alleged wrongful arrest of the plaintiff Herman Wayne Taylor, a white male minor, by the defendant. Defendant is alleged to have acted under color of the statutes of the State of Texas.

Defendant is the chief of police of the City of Wolfforth, a community near Lubbock in Lubbock County, Texas, and is the only police officer hired by this city. He had been so employed for about one year prior to the incidents which led to the filing of this suit.

The defendant was awakened about 11:00 p. m. on the night of May 29, 1971, by the noise of a motor vehicle about one and one-half blocks away from his trailer-house. He drove in the city patrol car toward Main Street, and just as he arrived at the intersection he noticed a car, which was driven by the minor plaintiff in this suit, making a U-turn some two blocks to the north and coming toward him. It appeared certain to the defendant that this was the automobile that had made the noise which awakened the defendant and was apparently caused by its muffler. He turned on his signal lights and stopped the minor plaintiff about a block down the street after the minor plaintiff had turned to go to his home. Both the defendant and Wayne got out of their cars, and the defendant informed the minor that he was going to place charges against him for disturbing the peace with the motor vehicle. He asked the minor, Herman Wayne

Taylor, to get into the patrol car, but Taylor refused and stated that he was going home. The defendant approached plaintiff and detected alcohol on his breath, again asking him to get into the patrol car. Plaintiff Herman Wayne Taylor refused to do so for a second time, stating again that he was going home. The defendant then radioed for help from the Lubbock Sheriff's office, then placed plaintiff Herman Wayne Taylor under arrest and handcuffed him with his hands behind his back to await the arrival of assistance from the Lubbock Sheriff's office. Defendant was following the instructions given him by his employer, the Wolfforth City Council, regarding the procedure to follow when taking a suspect into custody.

When the deputies from the Lubbock County Sheriff's office had arrived and were prepared to take him to the jail, Herman Wayne Taylor got out of the city patrol car once, was placed back in the car, and got out a second time whereupon he was placed by the deputies in the sheriff's patrol car and taken to jail in Lubbock. Prior to this departure his father, the plaintiff Herman R. Taylor, arrived on the scene.

Herman Wayne Taylor was not placed in a cell but was charged at the jail with (1) disturbing the peace with a motor vehicle and (2) resisting the arrest of officers, and after about two hours at the jail he was released in the custody of his father. During this period these charges were filed and he consented to the giving of a Breathalyzer test which revealed that he had 0.11 percent content by weight alcohol in his blood which under the statutes of the State of Texas is presumed to be sufficient for intoxication. Vernon's Ann. Tex.Pen.Code Title 13, Art. 802f § 3(a).

Herman Wayne Taylor admitted to drinking five cans of beer between 7:00 p. m. and the time that he was stopped by the defendant on the evening in question.

Later, in October 1971, pleas of guilty to both of the charges (disturbing the peace with a motor vehicle, and resist-

ing arrest) were entered by his attorney on behalf of Herman Wayne Taylor and a fine was paid by his father. The defendant was not charged with driving while intoxicated.

This opinion constitutes the Court's findings of fact and conclusions of law to support the judgment for the defendant which will be entered herein, and the above is essentially what happened on the evening in question. There is a conflict in the testimony as to whether plaintiff Herman Wayne Taylor requested that his car be taken care of after he was taken into custody since it could not be locked because of a malfunctioning transmission. He had several valuables in the car such as tapes and a tape deck which he thought might be stolen if he left the car unlocked. But it was admitted by his father that when his son left in the custody of the sheriff, the father of the minor plaintiff was present and presumably could have taken care of the car himself. No harm came to the car's contents and no damage thereto is alleged; in fact, the mother of Herman Wayne Taylor picked it up that same evening and took it home.

Testimony also showed that on an occasion or two prior to May 29, 1971, the defendant had given traffic tickets to Herman Wayne Taylor. And, pursuant to a rumor, the Taylors confronted the defendant on another occasion with the accusation that he had stated to third persons in Wolfforth that he was going to arrest Wayne as soon as he reached eighteen years of age. Mr. McDonald denied to the Taylors at that time that he had made any such statement.

It was admitted by the plaintiffs that there was no physical harm or mistreatment of the minor and that the only time he was touched by the police or the sheriff's department was when he was handcuffed and placed in the parol car as above set forth.

It is the gravamen of the plaintiff's cause of action that the defendant stopped Herman Wayne Taylor on the occasion in question without any probable cause, that he was placed under arrest without any probable cause, and that he has suffered embarrassment and inconvenience because of the violation of these rights and that he is entitled to damages under 42 U.S.C. § 1983.

■ The Court is aware that suits under 42 U.S.C. § 1983 constitute a proper method of seeking redress for violations of an individual's right to be free from unlawful arrest. Nesmith v. Alford, 318 F.2d 110, reh. denied, 319 F.2d 859 (5th Cir. 1963), cert. denied Sullivan v. Nesmith, 375 U.S. 975, 84 S.Ct. 489, 11 L. Ed.2d 420 (1964). However, this section, designed to protect citizens from undue harassment by law enforcement officials, cannot be used as a weapon by the private citizen for unwarranted civil attacks upon these same officials.

■ An arrest must, under Section 1983, meet United States constitutional standards to relieve the law officer from possible civil liability. The constitutional standard adopted by the courts is that the arrest must be made with probable cause that the arrestee is committing a crime or has committed one. Beck v. United States, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

■ A state may enact a statute setting forth specific circumstances in which arrests may be made without a warrant, and such an arrest is valid if it does not violate the United States Constitution. Klingler v. United States, 409 F.2d 299 (8th Cir. 1969), cert. denied, 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed. 2d 110 (1969). Texas has such a statute, under which plaintiff Herman Wayne Taylor was arrested. Vernon's Ann.Tex. C.C.P. Art. 14.01(b) provides that "a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

This Court has set forth the standards required for a probable-cause arrest in its recent Memorandum Opinion in Sexton v. Gibbs, 327 F.Supp. 134 (N. D.Tex.1970), aff'd, 446 F.2d 904 (5th Cir. 1971). There this Court cited Beck v. Ohio, supra, in reciting the requirements for a constitutional arrest: an ar-

rest made without a warrant does not violate the Constitution only if

at the moment the arrest was made, the officers had probable cause to make it—[if] at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense. 327 F.Supp. at 138.

■ This Court finds that the above circumstances as appear from the evidence in this case show that the defendant, Walter McDonald, had reason and probable cause to stop Herman Wayne Taylor on the occasion in question. The noise being made by the automobile driven by Taylor was so loud that it woke the defendant in his residence some one and one-half blocks away from the street where the car was being driven, and the facts that were known to the defendant at this time would lead any reasonable man to believe that this plaintiff was guilty of violating the law of disturbing the peace with a motor vehicle. Vernon's Ann.Tex.Civ.St. Art. 6701d Sec. 134(a) provides that "Every motor vehicle shall at all times be equipped with a muffler in good working order and in constant operation to prevent excessive or unusual noise . . . ." Tex.C.C.P. Art. 14.01(b) is clearly framed so that an officer need not actually *see* an offense in order to arrest without a warrant. The "presence" of the officer is satisfied if the violation occurs within reach of the officer's senses, such as within defendant McDonald's hearing in the present case. State of La. ex rel. Naylor v. Walker, 206 F.Supp. 544, 546 (E.D.La.1962), cert. denied, 371 U.S. 957, 83 S.Ct. 514, 9 L.Ed.2d 504 (1963); State of La. ex rel. Miles v. Walker, 222 F.Supp. 975, 978 (E.D.La.1963), aff'd, 347 F.2d 939 (5th Cir. 1965).

■ Further, after he had been lawfully stopped, Herman Wayne Taylor did on two occasions fail to obey the lawful orders of the defendant to get into the patrol car and stated that he was going to leave and go home. It was only then that the defendant placed Herman Wayne Taylor under arrest, and he had probable cause for arresting him under these facts and circumstances. An attempted flight from an officer may provide additional justification for an arrest, Hinton v. United States, 137 U.S.App.D.C. 388, 424 F.2d 876, 879 (1969), and may properly be considered in assessing probable cause. We hold that probable cause for an arrest existed in this case even without the attempted flight but that even if such probable cause did not then exist, the disobedience of the instructions of the investigating officer furnished such probable cause for arrest.

■ The United States Court of Appeals for the Fifth Circuit has held that in a case involving an arrest without a warrant, the party in a civil suit who advocates the lawfulness of the arrest has the burden of persuasion to establish probable cause for the arrest. Manuel v. United States, 355 F.2d 344, 346 (5th Cir. 1966). See Barnett v. United States, 384 F.2d 848 (5th Cir. 1967); Williams v. United States, 382 F.2d 48 (5th Cir. 1967). Here the defendant, Walter McDonald, has successfully carried that burden in this case. The prerequisites for this burden are set forth in the recent Fifth Circuit opinion in United States v. Seay, 432 F.2d 395, 400 (5th Cir. 1970):

A determination of whether probable cause existed for making an arrest does not depend upon whether the defendants were eventually convicted, nor whether they were convicted on the same charge on which they were arrested, but whether the police had probable cause at the time to believe that an offense had been committed. [citing cases]. This requires the analyzing court to deal with probabilities [which are] factual and practical considerations of everyday life on

which reasonable and prudent men, not legal technicians, would act.

In this case and under these circumstances a reasonable man in the same situation as defendant McDonald would have believed, upon being awakened by the noise from plaintiff minor's car, and observing the car being driven by the plaintiff, that the laws of the State of Texas were being violated by that plaintiff.

■ The defendant stated that he was the only officer present and that it was his policy and practice to put handcuffs on any prisoner that he placed under arrest if he thought that they might try to leave the scene of arrest, as was the case here. Such action cannot form any basis for action against the defendant. Having probable cause to believe that Herman Wayne Taylor had committed a violation of the laws of this State and having probable cause to stop him for violation of these laws and good reason to believe that the minor was going to carry out his threats and leave the scene of his detention, the defendant had good probable cause to place him under arrest. Having had such good reasons and probable cause, and having acted reasonably under the circumstances in this case, there being no abuse either physical or mental shown towards the plaintiff, Herman Wayne Taylor, no cause of action exists against the defendant in this case.

■ Further, the Court cannot find that any malice or ill will prompted the actions of the defendant on the occasion in question. Therefore we find it unnecessary to hold whether any degree of malice will make an otherwise lawful probable-cause arrest unconstitutional, although the Fifth Circuit has held recently in United States v. Seay, supra, that

> The *subjective* intention of the city police . . . does not negate the *objective* validity of the arrest . .. [A] citizen who does in fact break the law has no right to examine into the subjective intentions of the policeman who arrests and books him so as to invalidate the otherwise proper processes and procedures applied to him [citing cases]. *Id.* at 402.

The defendant could have very well charged the minor plaintiff with driving while intoxicated, a much more serious offense than those with which he was charged. But there is no evidence in this case that he let any prior ill will, if there was any such, or any other emotions improperly motivate him. Plaintiffs claim that plaintiff minor was being singled out for unduly harsh and harassing treatment by defendant. We find no such discrimination. At the time defendant was awakened by the noisy automobile driven by plaintiff minor, there is no indication that he knew whose car was causing that disturbance. His reaction was that of a law enforcement officer performing his duty and enforcing the law in an impartial and nondiscriminatory manner.

The civil rights statute embodied in 42 U.S.C. § 1983 is a useful means by which the ordinary citizen may obtain monetary redress of grievances against discriminatory or unfair action by public officers or officials. The section must not be used, however, to harass these same officials or to deter them from the lawful execution of their assigned duties and the efficient yet constitutional enforcement of the law.

Judgment will be entered for the defendant.