**Rose Ann HEALY, Plaintiff-Appellant,**

**v.**

**CITY OF BRENTWOOD and Officer Karen Adams, Defendants-Respondents.**

No. 45735.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 15, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied April 15, 1983.

Application to Transfer Denied May 31, 1983.

Ray A. Gerritzen, St. Louis, for plaintiff-appellant.

Eugene K. Buckley, St. Louis, for defendants-respondent.

SNYDER, Judge.

This is an appeal by plaintiff-appellant, Rose Ann Healy, from a judgment of the Circuit Court of St. Louis County which dismissed Count II of her petition for failure to state a cause of action against defendant-respondent, Karen Adams. Adams, a St. Louis County Police officer, was accused in the petition of using excessive force when she arrested Healy.

After prohibition was denied by both the Missouri Court of Appeals and the Missouri Supreme Court, the trial court granted Adams' motion to dismiss for failure to state a cause of action and designated it a final judgment for purposes of appeal under Rule 81.06. The City of Brentwood was also a defendant. Healy then appealed.

The question presented is whether the mere handcuffing, without more, of a person who has been arrested by a law enforcement officer pursuant to a traffic violation arrest warrant, constitutes the use of excessive or unreasonable force. This court finds that it does not and affirms the judgment, dismissing the petition as it applies to respondent Adams.

Appellant relies on two points. She first argues that the trial court erred in dismissing the petition because the use of handcuffs under all the circumstances constituted excessive or unreasonable force. She also contends the trial court erred in dismissing the petition because respondent waived her claim that the petition failed to state a cause of action by the filing of interrogatories directed to appellant.

The petition alleges that on July 15, 1981 appellant was driving an automobile which was involved in a collision in St. Louis County. Respondent Adams, a St. Louis County Police officer, arrived at the scene of the collision and obtained appellant's name and the information contained on her driver's license and Missouri license plates.

Respondent placed the information from appellant's driver's license and license plates into a telephone or communication call system to a county wide computer center, which informed respondent that there was a City of Brentwood warrant outstanding for the arrest of appellant. The City of Brentwood, in fact, had no basis in law or in fact for issuing the warrant for appellant's

arrest because appellant had paid the fine and court costs levied against her for the offense for which the warrant was outstanding.

Respondent told appellant that she was under arrest. Appellant did not resist in any way, make any remarks, or engage in any acts or conduct which would indicate resistance. Respondent nonetheless handcuffed appellant. The petition alleges that the handcuffing of appellant was the use of excessive force, unreasonable and unnecessary under the circumstances.

The petition also alleges that respondent threatened appellant with a physical search. Appellant prays for actual and punitive damages and attorney's fees.

■ The question of whether it is excessive or unreasonable force to handcuff a person who is being arrested pursuant to an arrest warrant is one of first impression in Missouri. The parties have cited no controlling Missouri case law, nor has research disclosed any. This court holds that the respondent did not use excessive or unreasonable force when she handcuffed appellant and therefore, affirms the judgment of the trial court which dismissed Count II of the petition for failure to state a cause of action.

Appellant pleads the facts that she was handcuffed and that respondent threatened to subject appellant to a search. Appellant's allegations that the handcuffing was unnecessary, that it constituted the use of unreasonable and excessive force, particularly when respondent had been informed that the warrant had been issued for driving with expired license plates, a minor offense, are conclusions and need not be considered in determining whether the petitioner stated a cause of action against respondent. *Therrien v. Mercantile-Commerce Bank & Trust Company,* 360 Mo. 149, 227 S.W.2d 708, 711[3–5] (banc 1950); *Pretsky v. Southwestern Bell Telephone Company,* 396 S.W.2d 566, 569–570[1] (Mo.1965); *Gilbert v. Edwards,* 276 S.W.2d 611, 616[2, 3] (Mo.App.1955).

There was no allegation of rough treatment by respondent or physical abuse of appellant during the handcuffing of appellant before she was conveyed to the St. Louis County Police offices.

Although there are no Missouri cases directly in point, there are opinions which have dealt with the subject of a law enforcement officer's rights and duties. The Missouri Supreme Court said in *Manson v. Wabash Railroad Company,* 338 S.W.2d 54, 61 (Mo. banc 1960):

A police officer ... may use such means or force as is reasonably necessary in the circumstance to accomplish an arrest.... Unless a plaintiff can show that unnecessary force was used, courts will protect the officer.

See also *State v. Thomas,* 625 S.W.2d 115, 122 (Mo.1981).

In *Manson* the Supreme Court held that evidence that a security officer pointed his gun at two teenage suspects and told them he would shoot if they ran did not make a submissible case on the issue of use of excessive force in the course of an arrest.

In *State v. Thomas, supra,* a police officer was confronted with a person he had arrested three times before, who was driving past him and shouting. The officer ordered him to stay where he was but the person ignored him and backed up toward him. The officer then drew his gun and ordered defendant to "Come here", pointed his gun at the person's head, and told him he was under arrest. The Supreme Court held that, as a matter of law, these facts did not constitute evidence of excessive force.

■ The Federal Civil Rights Act, 42 U.S.C. § 1983 imposes liability on a person who, under color of law deprives a citizen of federal constitutional rights. The use of excessive force in the context of an arrest, even though the arrest itself is lawful, is actionable under 42 U.S.C. § 1983. See, *Clark v. Ziedonis,* 513 F.2d 79 (7th Cir.1975).

In an action for damages under the Civil Rights Act, a federal district court held that the mere handcuffing of a person by a police officer, without more, could not form

the basis of a complaint under 42 U.S.C. § 1983. See *Taylor v. McDonald,* 346 F.Supp. 390, 395[8] (N.D.Tex.1972).

In *Taylor,* a defendant arrested a minor plaintiff for disturbing the peace with a motor vehicle. The defendant asked the plaintiff to get into a patrol car and the plaintiff refused and stated he was going home. The defendant then handcuffed the plaintiff with his hands behind his back to await arrival of assistance from another officer. There was no physical harm or mistreatment of plaintiff.

In another handcuffing case under 42 U.S.C. § 1983, in which the plaintiff claimed that defendants grabbed and pulled him and then handcuffed him, resulting in an abrasion to his wrists from the handcuffs, a federal district court granted summary judgment for defendant. The court found that, even assuming plaintiff was handled discourteously and that the use of handcuffs in the situation was unnecessary, plaintiff had no right to recovery under Section 1983. The court observed that the use of such minimal force is not uncommon or unusual in the course of an arrest. *Bur v. Gilbert,* 415 F.Supp. 335, 341[8, 9] (E.D. Wis.1976).

There is always an element of danger when an arrest is made pursuant to a warrant. In this case the warrant, through no fault of respondent, was outstanding because of a mistake of the City of Brentwood. Respondent was not aware of the defect in the warrant.

Police officers face serious risks every time they carry out an arrest. Sometimes the most inoffensive appearing individuals turn out to be uncharacteristically violent. A police officer who is proceeding to convey any prisoner to a police headquarters in a police vehicle should not be faced with a civil law suit because he takes the precaution to handcuff the prisoner to prevent her from causing trouble on the way to headquarters.

Respondent here did not know that the warrant was defective, that appellant had paid the fine and court costs for the charge. Respondent could justifiably have reasoned that if appellant had disregarded an arrest notice on another charge she may well attempt in some way to avoid being charged with another offense.

■ The threat of physical search does not amount to an assault or battery. This is demonstrated by the holding in *Manson v. Wabash Railroad Company, supra,* 338 S.W.2d at 61, where evidence that an officer threatened to shoot the suspects if they ran was held not to make a submissible case of assault. The facts are not the same, but parallel reasoning applies.

Appellant quotes cases which recite generally the rule that a police officer may use only the force he reasonably believes necessary in accomplishing an arrest. See *State v. Thomas, supra,* 625 S.W.2d at 122[8]; *State v. Nunes,* 546 S.W.2d 759, 763[5–8] (Mo.App.1977); *State v. Hancock,* 73 Mo. App. 19, 22 (1898).

There is no dispute about a police officer being authorized to use only the force that he reasonably believes to be necessary. The question is: What constitutes unreasonable force under the circumstances? This court holds, as a matter of law, that the handcuffing of appellant in this case, under these circumstances, was not the use of unreasonable force.

Appellant relies on the Restatement (Second) of Torts § 132:

> The use of force against another for the purpose of effecting the arrest or recapture of the other, or of maintaining the actor's custody of him, is not privileged if the means employed are in excess of those which the actor reasonably believes to be necessary.

COMMENT b specifically discusses handcuffs:

> Thus, while the actor is privileged to handcuff the other if he has reason to suspect that the other if not handcuffed will do ·harm to a third person, or will escape or be rescued, he may not do so in the absence of a reasonable ground for such suspicion.

This section of the Restatement has not been adopted in Missouri, but respondent, considering the outstanding warrant which

she believed to be valid, and the necessity for conveying appellant to the St. Louis County Police Headquarters, had reasonable grounds to suspect that appellant might try to escape.

To allow a cause of action for excessive force when the only act complained of is the handcuffing of a person under arrest while the arrestee is being taken to police headquarters would subject police officers to numerous law suits and often frivolous and harrassing litigation. This court will not go so far under the circumstances present in the case under review.

■ Appellant's second point is wholly without merit. She insists that respondent waived her claim that the petition failed to state a cause of action because respondent filed interrogatories and received answers from appellant. The objection that a plaintiff has not stated a claim upon which relief can be granted is never waived. Rule 55.-27(g)(2).

The judgment is affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.